[No. 6204. Decided July 24, 1906.]

J. F. VAN DYKE, *Respondent,* v. SCHOOL DISTRICT NUMBER 77, OF LEWIS COUNTY, *Appellant.*[1]

SCHOOLS AND SCHOOL DISTRICTS—ACTION BY TEACHER—RIGHT TO SUE—CONDITION PRECEDENT—NECESSITY.   Under Bal. Code, §§ 2318, 2307, providing for appeals to the county superintendent of schools from any decision of a board of school directors, and for appeals from the county superintendent to the superintendent of public instruction, a school teacher, before bringing suit against a school district for the alleged breach of his contract, must appeal from the decision of the board of directors to the county superintendent (RUDKIN and FULLERTON, JJ., dissenting).

Appeal from a judgment of the superior court for Lewis county, Rice, J., entered December 19, 1905, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action against a school district by a discharged teacher to recover salary.   Reversed.

*Reynolds & Stewart,* for appellant.

*George Dysart* and *Maurice A. Langhorne,* for respondent.

HADLEY, J.—This action was brought to recover for an alleged breach of contract.   The plaintiff alleges that he was employed by the defendant school district to teach a school for a period of nine months from and after September 1, 1902, at $60 per month; that he entered upon the performance of the contract on the above named date, and continued the same until November 14, 1902, when the defendant refused to permit him to teach for a longer time, and notified him that he was discharged; that no charges were ever made against him by the board of directors, and that the action of the directors in discharging him was arbitrary and without cause on the part of plaintiff; that he had performed all his obligations under the contract; that he refused to accept the discharge, and at all times during said period of nine months

[1]Reported in 86 Pac. 402.

held himself in readiness to perform his contract, but was prevented from so doing by the defendant. After interposing certain motions and a demurrer to the complaint, the defendant answered, alleging certain facts tending to show misconduct on plaintiff's part in the treatment of a pupil, and other facts concerning alleged mismanagement of the school, and also alleging that he did not appeal from the action and decision of the board of directors to the county superintendent, by reason of which he is now estopped from recovering in this action. The cause was tried by the court without a jury, and resulted in a judgment in favor of plaintiff in the sum of $250, from which defendant has appealed.

A number of errors are assigned, but we believe the determination of the appeal calls for the discussion of one subject only. It is conceded that respondent did not appeal from the action and decision of appellant's board of directors to the county superintendent. It was the court's view that this action may be maintained even though such appeal was not taken. Appellant contended otherwise in the court below, and it urges the same contention here. We shall now examine that subject. Bal. Code, § 2318 (P. C. § 7278), provides as follows:

"Any person aggrieved by any decision or order of the board of directors may, within thirty days after the rendition of the decision or making of such order, appeal therefrom to the county superintendent of the proper county; . . . At the time thus fixed for the hearing he shall hear the testimony of either party, and for that purpose may administer oaths if necessary, and he shall make such decision as may be just and equitable, which shall be final unless appealed from as provided for in this title."

Appeals also lie from the decisions of a county superintendent to the superintendent of public instruction. On that subject Bal. Code, §2307 (P. C. § 7267), provides as follows:

"Any person or board of directors aggrieved by any decision or order of the county superintendent may, within thirty days after the rendition of such a decision or making

of such order, appeal therefrom to the superintendent of public instruction . . . The superintendent of public instruction shall examine the transcript of such proceedings and render a decision thereon, but no new testimony shall be admitted, and his decision shall be final unless set aside by a court of competent jurisdiction."

It thus appears that the legislature has outlined a complete chain of appellate procedure from decisions of boards of directors of school districts, and has provided that the decisions of the superintendent of public instruction shall be final "unless set aside by a court of competent jurisdiction." The right of ultimate review by a court of competent jurisdiction is thus clearly recognized, and it was the evident policy of the legislature that matters pertaining to the schools and the conduct thereof shall be first examined and passed upon by the school officers named in the statute before resort may be had to the courts. Good reasons may be assigned for such a policy. The duties of the officers named relate particularly to the schools, and from their training and experience it may be supposed that they are peculiarly fitted to examine and pass upon questions which arise out of the manner of conducting schools, and which necessarily involve the competency and fitness of teachers. The qualifications of teachers, both as to learning and character, are, under our system of education, first passed upon by these officers, and if subsequent conduct of the teachers calls for investigation as to their fitness, it would seem but reasonable that such conduct should be first reviewed by such school officers before resort may be had to the courts for the correction of alleged grievances.

It is argued that an appeal from the decision of the board of directors is merely optional, since the statute says any person aggrieved "may" appeal. We think it manifest that such was not the purpose of the statute. Having reference to the evident policy of the legislature as hereinbefore mentioned, we think the word "may" as used in the statute should be construed in a mandatory sense. 20 Am. & Eng. Ency. Law

(2d ed.), p. 237. Under a statute of the same import, it was held in Iowa that a teacher could not at once maintain an action in the courts to recover for breach of contract, when he had not appealed from the decision of the board of school directors to the county superintendent. *Kirkpatrick v. Independent School Dist.*, 53 Iowa 585, 5 N. W. 750. The same principle was recognized in *Jackson v. Independent School Dist. etc.*, 110 Iowa 313, 81 N. W. 596. To the same effect is *Harkness v. Hutcherson*, 90 Texas 383, 38 S. W. 1120. In *Burkhead v. Independent School Dist.*, 107 Iowa 29, 77 N. W. 491, it was held that, where a teacher was discharged without a hearing before the board of directors, he was not required to appeal before resorting to the courts. The statute of Iowa, however, especially enjoins upon boards of directors the duty of conducting such hearings in the presence of the teacher. Section 2782, Annotated Code of Iowa, 1897. The discharge of the teacher in that case consisted simply in a refusal to permit him to teach longer on the alleged ground that there was in fact no existing contract. There was no question of competency or fitness involved, and it was held that, in the absence of some hearing and determination judicial in its character, there was nothing from which to appeal.

Our statute does not seem to provide any particular method of procedure on the part of boards of directors in the discharge of teachers. Bal. Code, § 2311, enumerates their powers and, among others, is the power "to employ and, for sufficient cause, to discharge teachers." A method of procedure is, however, provided on appeal to the county superintendent. The basis of the proceedings on appeal is an affidavit setting forth the facts constituting the alleged grievance, and it is provided that the county superintendent shall hear testimony and may administer oaths. Thus, a full investigation may be had on appeal, without regard to whether the action of the board of directors follows a formal hearing by them or not. We think this procedure was intended to afford the primary course for relief, however summary or informal may have

been the action of the board of directors. The policy of the legislature in this regard seems to be analagous to the procedure provided with reference to special assessments made by municipalities. It has been uniformly held by this court that objections not jurisdictional in their nature must first be made before the city council, and that, upon failure to so object, the courts will not grant relief as to matters which may be corrected by the city council. Referring to this subject in *Tumwater v. Pix,* 18 Wash. 153, 51 Pac. 353, the court said:

"No reason is suggested why respondent did not appear and make his objection before the town council. That body had jurisdiction of the subject matter and was clothed with power to arrive at a correct determination. It was the tribunal appointed by the law for the correction of any mistakes or irregularities. Parties interested cannot be permitted to disregard the opportunities so afforded for a hearing, and to select a forum of their own choosing. They must make their objections seasonably, before the tribunal which the law appoints for that purpose, and, failing to do so, cannot thereafter be heard to complain."

Respondent cites *School District No. 3 v. Hale,* 15 Colo. 367, 25 Pac. 308. The argument in that case, in some respects, appears not to be in accord with what has been hereinbefore said, but an examination of the statement of facts discloses that no defense was set up other than the failure to take an appeal. It did not appear in the issues or evidence that the board of directors attempted to justify their action upon any ground. They simply refused to permit the teacher to continue teaching, and, with no other showing, there was a plain breach of contract upon which action could be maintained. In the case at bar, however, the answer set up facts in justification of the action of the board, showing that they exercised their judgment and decided against the competency, character, and fitness of the respondent. Evidence was introduced upon that subject, and from that evidence it clearly appears that there was a substantial controversy touching

the fitness of respondent to teach, and just such a one as we think the legislature intended should be first reviewed by the appellate school officers.

Respondent suggests that, if an appeal is required in a case of this character, it would, also, be necessary for appeals to be taken to the county superintendent as to any decision of a board of directors touching mere money demands for labor and material. Such a question is not now before us, and the only question here decided is that it is the policy of our law that, when the conduct, competency, and fitness of a teacher are involved in a decision of a board of directors, their action in such particulars must be reviewed upon appeal as hereinbefore stated, before resort may be had to the courts. It is also suggested by respondent that this court has reviewed other cases similar to this in which no appeal had been taken to the county superintendent. In any event, however, this question does not appear to have been raised, and it is conceded that it has never before been directly passed upon here. It therefore comes before us now as an original contested question, and we have entertained it and passed upon it as such.

The judgment is therefore reversed and the cause remanded, with instructions to dismiss the action.

MOUNT, C. J., CROW, DUNBAR, and ROOT, JJ., concur.

RUDKIN, J. (dissenting)—I dissent. Statutes have been in force in this state, almost ever since the organization of this court, permitting appeals from orders and decisions of boards of school directors to county school superintendents, and from county school superintendents to the superintendent of public instruction, and, yet, it is announced at this late day for the first time, that a party aggrieved by the action of a board of school directors must exhaust his remedy by appeal before he can resort to the courts for redress. If the question were here for the first time, I might acquiesce in the decision of the majority, although I entertain grave doubts

as to its soundness. By 3 Bal. Code, § 2311, Laws 1903, p. 175, every board of directors has power to employ and, for sufficient cause, to discharge teachers, mechanics, or laborers, and to fix, alter, allow, and order paid, their salaries and compensation; to enforce the rules and regulations prescribed by the superintendent of public instruction and the state board of education; to provide and pay for materials and supplies; to rent, repair, furnish, and insure school houses; to build or remove school houses, and purchase, and sell real estate on certain conditions; to purchase property in the name of the district, and to receive, lease, and hold, for their district, any real or personal property; to suspend or expel pupils; to provide free textbooks and supplies; to require all pupils to be furnished with such books as may have been adopted by the state board of education; to exclude certain books and papers from schools and libraries; to authorize the use of schoolrooms for certain prescribed purposes; and to provide and pay for the transportation of children to and from school when in their judgment the best interests of the district will be subserved thereby. In the exercise of the powers thus conferred one can readily imagine the orders and decisions that may be made affecting the rights of third persons. I do not question the propriety of requiring a teacher to appeal to the county school superintendent or to the superintendent of public instruction from an order of discharge, as a matter of policy, but the statute is general in its terms and, if an appeal is a condition precedent in one case, it is in all. If the teacher must appeal, so must the mechanic and the janitor.

But, aside from this, I do not feel at liberty to treat the question as an open one in this court. The majority opinion silently overrules *Fitzgerald v. School District*, 5 Wash. 112, 31 Pac. 427; *Taylor v. School District*, 16 Wash. 365, 47 Pac. 758; *Splaine v. School District*, 20 Wash. 74, 54 Pac.

766; *Kennedy v. School District*, 20 Wash. 399, 55 Pac. 567; *Trumbull v. School District*, 22 Wash. 631, 61 Pac. 714, and perhaps numerous other decisions of this court. It is no answer to say that this particular objection was not raised in any of these cases, for in each of them the court reviewed the action of the school board in discharging a teacher, and, of necessity, determined that it had the right and the authority so to do. Furthermore many, if not all, the cases I have cited arose under the school law of 1890 (Laws 1889-90, p. 348), yet when the legislature came to revise the school law in 1897 (Laws 1897, p. 356), with full knowledge of the decisions of this court under the prior law, it re-enacted the sections relating to appeals without a change of any kind. It can truthfully be said, therefore, that this court has repeatedly and consistently reviewed the action of school boards in discharging teachers during a period of twelve years, and its rule of decision has been acquiesced in by the legislature itself. After such a lapse of time, it seems to me that litigants and attorneys have a right to rely upon a practice so firmly established, and to regulate their conduct in accordance therewith.

FULLERTON, J., concurs with RUDKIN, J.