[No. 28289. Department One. January 29, 1942.]

J. H. BLUNT, *Appellant*, v. SCHOOL DISTRICT NO. 35 OF KLICKITAT COUNTY, *Respondent*.[1]

[1]Reported in 121 P. (2d) 367.

*Ward & Ward,* for appellant.

*McEwen & Brooks,* for respondent.

DRIVER, J.—On July 13, 1937, school district No. 35 of Klickitat county, by contract in writing, employed J. H. Blunt as a teacher in its high school for the school year of 1937-1938. He began to teach on September 7th and continued until November 15, 1937, when the board of directors discharged him, immediately notifying him of its action. On February 3, 1938, Mr. Blunt made a written demand upon the board to pay to him, within a reasonable time, all installments of salary provided for by his contract of employment, "and to make and communicate to [him] the undersigned an Order upon this request." The board took no action on this demand, and, on March 22nd, Mr. Blunt appealed to the county superintendent of schools of Klickitat county. The superintendent concluded that she had no jurisdiction, and, on June 10th, entered an order dismissing the appeal.

Mr. Blunt thereupon appealed to the state superintendent of public instruction, and the latter, on August 31st, by written decision, reversed the order of the county superintendent and held that "Mr. Blunt is entitled to the remainder of the salary due him under his contract for the year 1937-38 and the board is ordered to pay him the same at once with interest." Mr. Blunt then instituted the present action against the school district to enforce the order of the state superintendent and to recover damages for the breach of his teaching contract. A trial to the court resulted in a judgment dismissing the action, and the plaintiff appealed.

■ Rem. Rev. Stat., § 4776 [P. C. § 4979], provides:

"Every board of directors, unless otherwise specially provided by law, shall have power and it shall be its duty: First: To employ for not more than one year, *and for sufficient cause to discharge teachers,* . . ." (Italics ours.)

In the exercise of its power to discharge teachers under the foregoing statute, it is not necessary for a school board to hold a formal hearing or to give the teacher notice of its contemplated action and an opportunity to be heard. *State ex rel. Board of School Dist. No. 306 v. Preston,* 120 Wash. 569, 208 Pac. 47.

■ As the opinion in that case points out, the teacher has a remedy by way of appeal to (see Rem. Rev. Stat., § 5065 [P. C. § 5212]), and hearing *de novo* before, the county superintendent. The right of appeal, however, is subject to the statutory requirement that it be exercised within thirty days.

"Any person, . . . aggrieved by any decision or order of any school officer or school board may, within thirty days after the rendition of such decision or order, or of the failure to act upon the same when properly presented, appeal the same to the proper officer or board as hereinafter provided." (Rem. Rev. Stat., § 5064 [P. C. § 5211]).

■ In the absence of a showing that the county superintendent is disqualified to hear the appeal (see *State ex rel. Caffrey v. Superior Court,* 72 Wash. 444, 130 Pac. 747), and appellant made no such showing in the instant case, the remedy by appeal is exclusive; and a teacher who has been discharged by a school board cannot maintain an action for breach of his contract of employment without first taking the appeal which the statute prescribes. *Van Dyke v. School Dist. No. 77,* 43 Wash. 235, 86 Pac. 402. When the appellant failed to appeal within thirty days from

the board's decision discharging him, such decision became final, and he lost his right to resort to the courts.

■ Appellant takes the position that his appeal to the county superintendent was timely. The school board ignored his written salary demand of February 3rd, and, he maintains, under the terms of the statute just cited, he had the right to appeal, within the statutory period of thirty days, from the board's "failure to act." This position, we think, is clearly untenable. At the time appellant's demand upon the board was made, his employment with the school district had been terminated by the board's action, which, so far as he was concerned, his time for appeal having expired, had become conclusive and binding. The board could not lawfully have granted his demand without first setting aside its decision discharging him. His demand, therefore, was merely an indirect attack upon such decision. Appellant could not, by such circuitous device, revive the right of appeal which he had lost.

■ Appellant also contends that, in any event, the decision of the superintendent of public instruction was final and *res judicata* since no action was taken to review it in the courts. In this connection, he calls attention to the following language of Rem. Rev. Stat., § 5069 [P. C. § 5216]:

"In decisions of appeal by the superintendent of public instruction the decision or order shall be final unless set aside by a court of competent jurisdiction in an action brought therein to review such order or decision."

This statute is not applicable in the case at bar for the reason that the state superintendent of public instruction never acquired jurisdiction of the subject matter of the controversy. The statute governing appeals from a county superintendent of schools to that officer provides:

"Appeals from the decision or order, or the failure to decide or order, of a county superintendent of schools shall, *when relating to the operation or management of schools or to the relation with teachers,* be taken to the superintendent of public instruction. In all other cases appeal shall be taken to the superior court of the county in which the district is situated." (Italics ours.) Rem. Rev. Stat., § 5065 [P. C. § 5212].

The board of school directors discharged appellant, and, since he failed to appeal within thirty days, its action, as we have stated, became final and conclusive. When the appellant thereafter attempted to appeal from the board's failure to act upon his salary demand, his contract with the district had been finally canceled and his status as a teacher of the district terminated. On such an abortive appeal, the county superintendent was not called upon to decide or order, and, in fact, she made no decision or order, "relating to the operation or management of schools or to the relation with teachers, . . . " The appellant, therefore, had no right of appeal from the decision of the county superintendent to the state superintendent of public instruction. The state superintendent, we think, did not have jurisdiction. His order to the board of directors to pay appellant's salary was a nullity, and was properly disregarded by the trial court.

Judgment affirmed.

Robinson, C. J., Main, Blake, and Steinert, JJ., concur.