[No. 3447-0-III.   Division Three.   August 19, 1980.]

PASCO EDUCATION ASSOCIATION, *Appellant,* v. PASCO SCHOOL DISTRICT NO. 1, ET AL, *Respondents.*

*Symone B. Scales,* for appellant.

*Philip M. Raekes* and *Raekes, Rettig & Osborne,* for respondents.

GREEN, C.J.—The Pasco Education Association appeals an order dismissing its complaint seeking to compel the Pasco School District to enter into arbitration of an alleged grievance pursuant to the terms of a collective bargaining agreement.

In 1971, Danny L. Day, a Pasco schoolteacher, was placed on probation for 1 year. At the end of the probationary period, he was reinstated. From 1972 to the present, Mr. Day has executed yearly employment contracts with the district. In computing his salary, none of these contracts gave him experience credit for the year he was on probation.

In March 1978, the association filed a grievance on behalf of Mr. Day and "other similarly affected members" of the association. The objective was to clarify the collective bargaining agreement on the question of whether a probationary term constituted a "period of acceptable service" for

which credit must be given in fixing salaries. The agreement provided for a 3–step grievance procedure. The association processed the grievance through the first two steps, but the district refused to submit to the third step, which called for binding arbitration. This action was then commenced seeking specific performance of the arbitration provision. The district moved for summary judgment which was granted on the ground that the association did not follow statutory time limits.[1]

The sole question on appeal is whether the court erred in refusing to compel the district to arbitrate. The district contends that since neither Mr. Day nor the association timely filed the grievance, there is nothing to submit to arbitration. It asserts that, according to the collective bargaining agreement in effect in 1971, Mr. Day was required to initiate the grievance procedure within 60 days after first having knowledge of the occurrence of the grievance. He did not do so; instead, he signed his 1971–72 contract which on its face failed to credit him with the year he was on probation and has signed similar contracts each year since that time. The district concludes that the association and Mr. Day have waived the question by not raising it until March 1978. It further argues that the failure to appeal under RCW 28A.88.010 within 30 days of the initial determination or to bring this proceeding within 6 years after the 1971 contract was signed as required by RCW 4.16-.040(2) also forecloses his right to arbitration. On the other hand, the association argues that all of these matters should be submitted to the arbitrator along with the question of contract construction.

■ First, all doubts under a collective bargaining agreement should be resolved in favor of arbitration. *International Bhd. of Electrical Workers Local 483 v. Tacoma*, 20 Wn. App. 435, 582 P.2d 522 (1978); *Retail Store Employees Local 631 v. Totem Sales, Inc.*, 20 Wn. App. 278, 579 P.2d

---

[1]The trial court's memorandum opinion fails to specify what statutory time limits were violated.

1019 (1978). Here, aside from the questions of timeliness and waiver, it is evident that there is a grievance which is subject to arbitration. The agreement provides:

"Grievance" shall mean a written statement—See Appendix A of this Contract—that a controversy, dispute or agreement of any kind or character exists which arises out of, or in any way involves interpretation or application of the express term or terms of this Contract.

The parties have been unable to agree upon the definition of the term "years of acceptable service." Specifically, they have been unable to resolve the question of whether an employee is entitled to experience credit for a probationary term. Since this question arises out of and "involves interpretation or application of . . . [an] express term" of the contract, it is a grievance that is subject to step 3 of the grievance procedure which calls for arbitration.

Having determined that a legitimate grievance exists, we reach the question of whether the association has waived it. The 1971–72 bargaining agreement provides:

If at the end of the sixty days next following either the occurrence of any grievance or the date when the grievant had first knowledge of its occurrence, whichever is later, the grievance shall not have been pursued at Step 1, as set forth below, the grievance shall be deemed to have been waived.

The 1977–78 agreement apparently reduced the time to 30 days. While any doubt should be resolved in favor of arbitration, "the courts must be equally careful to refrain from blindly throwing into arbitration every case involving an 'arbitration of interpretation' clause . . ." *Hanford Guards Local 21 v. General Elec. Co.,* 57 Wn.2d 491, 494, 358 P.2d 307 (1961). Here, Mr. Day and others similarly situated have not followed the language of the bargaining agreement; therefore, they have waived any claim resulting from the conduct of the district which occurred more than 60 days prior to the commencement of the grievance process under prior agreements and 30 days under the current

agreement. Consequently, they are not entitled to retroactive relief through arbitration with respect to any contract executed prior to February 26, 1978, and summary judgment in this respect was properly granted.

However, it is evident there is a continuing grievance to be resolved as to the interpretation of "years of acceptable service" between the association and the district. Interpretation is necessary to the completion of future contracts so that future salaries may be computed. To that extent, the association's action is akin to seeking declaratory judgment through arbitration. Consequently, we hold that the question must be arbitrated only for the benefit of clarifying contracts executed subsequent to February 26, 1978, and the trial court, to this limited extent, erred in granting summary judgment.

We find no merit in the district's argument that arbitration is precluded by the 6-year statute of limitations— RCW 4.16.040(2). This statute does not operate as a bar to arbitration because the grievance is a *continuing* one.

The district also argues that the association did not timely perfect its appeal under RCW 28A.88.010.[2] This statute contemplates situations in which the district acts as an administrative agency and an appeal is taken from its

---

[2]RCW 28A.88.010 provides:

"Appeals—Notice of—Scope—Time limitation. Any person, or persons, either severally or collectively, aggrieved by any decision or order of any school official or board, within thirty days after the rendition of such decision or order, or of the failure to act upon the same when properly presented, may appeal the same to the superior court of the county in which the school district or part thereof is situated, by filing with the secretary of the school board if the appeal is from board action or failure to act, otherwise with the proper school official, and filing with the clerk of the superior court, a notice of appeal which shall set forth in a clear and concise manner the errors complained of.

"Appeals by teachers, principals, supervisors, superintendents, or other certificated employees from the actions of school boards with respect to discharge or other action adversely affecting their contract status, or failure to renew their contracts for the next ensuing term shall be governed by the *appeal provisions of chapter 28A.58 RCW* therefor and in all other cases shall be governed by this chapter 28A.88 RCW."

decision. Here, the district is not acting in a judicial capacity, but is being sued for specific performance of a collective bargaining agreement. RCW 28A.88.010 is not applicable. *See Lane v. Ocosta School Dist. 172,* 13 Wn. App. 697, 537 P.2d 1052 (1975).

Accordingly, we reverse and remand for further proceedings in accordance with this opinion.

MUNSON and ROE, JJ., concur.