[No. 5124–2–III.   Division Three.   July 14, 1983.]

KENNETH BENSON, ET AL, *Appellants,* v. PATRICIA
ROBERTS, ET AL, *Respondents.*

*Judith A. Lonnquist* and *Durning, Webster & Lonn-
quist,* for appellants.

*Herbert H. Davis* and *Sensney, Davis, McCormick &
Schneider,* for respondents.

ROE, C.J.—Plaintiffs, five teachers,[1] appeal a summary

---

[1]Plaintiffs are actually designated "certificated educators" in the complaint.
At least one is a school counselor, but to simplify matters, we will call them
"teachers".

judgment in favor of defendant Prosser School District 116 (School Board) which dismissed plaintiffs' appeal of a School Board decision for failure to file timely a notice of appeal pursuant to RCW 28A.88.010.

On May 18, 1980, plaintiffs were in the Spokane area on personal business when Mount St. Helens erupted. Following that, each of them missed 2 or more days of work. The school district superintendent notified them there would be paycheck deductions due to these absences. Plaintiffs' appeal of the superintendent's action was affirmed by the School Board. Plaintiffs then filed an action in superior court: (1) appealing the School Board decision, and (2) alleging breach of their employment contracts. The trial court dismissed the action for lack of jurisdiction based on plaintiffs' failure to file a notice of appeal within 30 days[2] as required by RCW 28A.88.010.[3]

Plaintiffs contend the trial court erred by ruling RCW 28A.88.010 applied to both the appeal of the School Board's decision and the action for breach of contract. They argue the breach of contract action is an original action governed by the 6–year statute of limitation in RCW 4.16.040(1). Although plaintiffs admit appeals from administrative actions of school boards are governed by the 30–day statute of limitation in RCW 28A.88.010, they argue it does not apply to the breach of contract claim.

The sole issue is whether plaintiffs have made out a cognizable claim for breach of contract which is not governed

---

[2] Plaintiffs filed their notice of appeal on the 31st day after the Board rendered its decision.

[3] RCW 28A.88.010 provides in part:

"Any person, or persons, either severally or collectively, aggrieved by any decision or order of any school official or board, *within thirty days* after the rendition of such decision or order, or of the failure to act upon the same when properly presented, may appeal the same to the superior court of the county in which the school district or part thereof is situated, by filing with the secretary of the school board if the appeal is from board action or failure to act, otherwise with the proper school official, and filing with the clerk of the superior court, a notice of appeal which shall set forth in a clear and concise manner the errors complained of." (Italics ours.)

by the 30–day statute of limitation. Stated another way, is RCW 28A.88.010 the exclusive remedy available to plaintiffs? If it is, plaintiffs are barred by having failed to appeal within the 30–day statutory period.

We begin our analysis by looking at the statute. It does not indicate whether it is the exclusive remedy available to an aggrieved teacher. Ambiguous statutes should be interpreted in a reasonable manner and the primary role of the appellate court in interpreting statutes is to determine the intent of the Legislature and to give effect to that intent. *Human Rights Comm'n v. Cheney Sch. Dist. 30,* 97 Wn.2d 118, 121, 641 P.2d 163 (1982). Examination of the legislative history of this statutory scheme reveals the original enactment specifically provided: "That in *matters involving the construction of contracts* the appeal shall be taken to the court of the proper resort." (Italics ours.) Laws of 1909, ch. 97, § 2, p. 363. After a series of recodifications, this section was repealed. Laws of 1971, 1st Ex. Sess., ch. 282, § 44, p. 1476. The current statutory scheme does not contain this proviso. When a material change in a statute is made, a change in legislative intent is presumed. *Strunk v. State Farm Mut. Auto. Ins. Co.,* 90 Wn.2d 210, 213–14, 580 P.2d 622 (1978). Accordingly, we presume the Legislature intended to restrict teachers' contract actions to administrative procedure prior to judicial action. This is confirmed by several Attorney General opinions interpreting the former statutory scheme to be the exclusive remedy. AGO, p. 305 (1923–24); AGO 324 (1907–08).

The foregoing is also supported in the case law. In *Van Dyke v. School Dist. 77,* 43 Wash. 235, 237, 86 P. 402 (1906), the court stated:

> [I]t was the evident policy of the legislature that matters pertaining to the schools and the conduct thereof shall be first examined and passed upon by the school officers named in the statute before resort may be had to the courts. Good reasons may be assigned for such a policy. The duties of the officers named relate particularly to the schools, and from their training and experience it may be supposed that they are peculiarly fitted to examine and

pass upon questions which arise out of the manner of conducting schools, and which necessarily involve the competency and fitness of teachers. The qualifications of teachers, both as to learning and character, are, under our system of education, first passed upon by these officers, and if subsequent conduct of the teachers calls for investigation as to their fitness, it would seem but reasonable that such conduct should be first reviewed by such school officers before resort may be had to the courts for the correction of alleged grievances.

More recently, in *Blunt v. School Dist. 35,* 12 Wn.2d 336, 121 P.2d 367 (1942), Blunt, a discharged high school teacher, made a written demand upon the school's board of directors to pay him all salary installments as provided for by his contract of employment. Demand was made nearly 3 months after the discharge had occurred. The Board took no action and, more than 30 days after the demand, Blunt appealed to the county superintendent of schools. The superintendent dismissed the appeal for lack of jurisdiction. Blunt appealed to the state superintendent who reversed the county superintendent and ordered that Blunt be paid the remainder of the salary due him under his contract. Blunt then commenced an action against the school district to enforce the order of the state superintendent and to recover damages for breach of contract. The trial court dismissed the action. On appeal, the Supreme Court affirmed, holding the state superintendent lacked jurisdiction since Blunt had failed to properly appeal pursuant to the statute. The court stated at pages 338–39:

[T]he teacher has a remedy by way of appeal to (see Rem. Rev. Stat., § 5065 [P. C. § 5212]), and hearing *de novo* before, the county superintendent. The right of appeal, however, is subject to the statutory requirement that it be exercised within thirty days.

"Any person, . . . aggrieved by any decision or order of any school officer or school board may, within thirty days after the rendition of such decision or order, or of the failure to act upon the same when properly presented, appeal the same to the proper officer or board

as hereinafter provided." (Rem. Rev. Stat., § 5064 [P. C. § 5211]).

In the absence of a showing that the county superintendent is disqualified to hear the appeal (see *State ex rel. Caffrey v. Superior Court,* 72 Wash. 444, 130 Pac. 747), and appellant made no such showing in the instant case, *the remedy by appeal is exclusive; and a teacher who has been discharged by a school board cannot maintain an action for breach of his contract of employment without first taking the appeal which the statute prescribes. Van Dyke v. School Dist. No. 77,* 43 Wash. 235, 86 Pac. 402. When the appellant failed to appeal within thirty days from the board's decision discharging him, such decision became final, and he lost his right to resort to the courts.

(Italics ours.)

*Blunt* and *Van Dyke* are different from the instant case in that those cases involved the former statutory scheme which provided for appeal from a school district board of directors to the county superintendent and a further appeal to the state superintendent. The current statute provides for appeal from a school official or school board directly to the superior court. RCW 28A.88.010. Also, *Blunt* and *Van Dyke* involved the discharge of a teacher whereas the instant case involved the issue of what constitutes "personal necessity leave"[4] and whether plaintiffs should be compensated for it. We believe the difference is not significant since RCW 28A.88.010 applies to "any decision or order".

---

[4]Prosser School District Policy 3572 provides:

Personal necessity leave may be utilized by regular certified employees *who for circumstances that are serious in nature,* which cannot be expected to be disregarded, and which necessitates immediate attention and cannot be dealt with during off–hours. Employees shall request personal necessity leave from their principal not less than two (2) work days prior to date of leave *except where extenuating circumstances make such notice impossible.* The principal is responsible for granting or denying the request.

(Italics ours.)

Relying on this section, plaintiffs contend they should have been paid for absences due to Mount St. Helens and allowed the opportunity to make up time lost.

The more recent case of *Pasco Educ. Ass'n v. Pasco Sch. Dist. 1*, 27 Wn. App. 147, 615 P.2d 1357, 622 P.2d 915 (1980) might not at first glance appear to support the foregoing. There, the Pasco Education Association sought clarification of a collective bargaining agreement. The agreement specified a 3-step grievance procedure. When the school district refused to submit to the third step which called for binding arbitration, the association commenced an action in superior court seeking specific performance of the arbitration provision. The trial court granted summary judgment in favor of the district on the ground the association did not follow statutory time limits. (The trial court did not specify what statutory time limits were violated. *Pasco Educ. Ass'n*, at 149 n.1.) Reversing the trial court, this division, in response to the district's argument the association had not timely perfected its appeal pursuant to RCW 28A.88.010, stated at pages 151–52:

> This statute contemplates situations in which the district acts as an administrative agency and an appeal is taken from its decision. Here, the district is not acting in a judicial capacity, but is being sued for specific performance of a collective bargaining agreement. RCW 28A.88-.010 is not applicable. *See Lane v. Ocosta School Dist. 172*, 13 Wn. App. 697, 537 P.2d 1052 (1975).

*Pasco* is distinguished from the instant case since it involved enforcement of a collective bargaining agreement. Here, there is no collective bargaining agreement, only individual contracts between each plaintiff and the school district. Plaintiffs seek relief in the form of an injunction and damages. The alleged breach is defendant's failure to allow plaintiffs to perform the specific number of days required by the contract and receive the salary based on that number of days. The contract provides, however, the employee "shall perform . . . such duties as are prescribed by the laws of the State of Washington and by *policies, rules and regulations* . . ." (Italics ours.) Interpretation of the policies, specifically Prosser School District Policy 3572 as it affects plaintiffs, seems to us to be the type of action

to which RCW 28A.88.010 applies as contemplated by *Pasco.* Since this action was not timely appealed within 30 days, this court has no jurisdiction.

Furthermore, the substantive issue in the breach of contract claim is no different from that in the appeal of the School Board decision, *i.e.,* interpretation of the district's policy 3572. Merely changing the name of the action will not be sufficient to permit plaintiffs to change the forum and consequently avoid the time limit for appeal. We hold plaintiffs have not made out a cognizable breach of contract claim which is severable from the appeal of the School Board decision and that appeal pursuant to RCW 28A.88-.010 is the exclusive remedy available to plaintiffs.

Judgment affirmed.

GREEN and MUNSON, JJ., concur.