[No. 8607–1–III.   Division Three.   April 13, 1989.]

PATRICIA B. CLARK, *Respondent,* v. SELAH SCHOOL DISTRICT No. 119, ET AL, *Appellants.*

*Gary Lofland* and *Ryan Edgley,* for appellants.

*Douglas D. Peters* and *Peters, Fowler & Inslee,* for respondent.

*Kenneth O. Eikenberry, Attorney General, Jennifer Barnett, Richard Heath,* and *Jerald Anderson, Assistants,* and *Larry Swift,* amici curiae for appellants.

FARIS, J.*—The trial court ordered Selah School District 119 to reimburse teacher Patricia Clark for unused accumulated sick leave. The District appeals and we reverse and dismiss.

On March 17, 1986, Mrs. Clark gave notice to the District of her intention to retire, effective June 12, 1986. At that time, she was 55 years old and had contributed to the retirement system for 21 consecutive years while working full time for that District. At the same time, Mrs. Clark applied for reimbursement of her entire accumulated sick leave in an amount of $5,524.63.[1] In May, the District notified her she was not entitled to reimbursement because she

---

*Judge Philip H. Faris is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

[1]The collective bargaining agreement provides, in part:

"(A) Sick Leave. At the beginning of each school year each teacher shall be credited with an advanced sick leave allowance of twelve (12) days with full pay to be used for absence caused by illness, injury, poor health, maternity, quarantine or other disability. Each teacher's portion of unused sick leave allowance shall accumulate from year to year with the maximum determined by state law (currently one hundred eighty (180) days).

"Employees may cash in unused sick leave days above an accumulation of sixty (60) days at the ratio of one (1) full day's pay for four (4) accumulated sick leave days. The employee may either cash in up to twelve (12) days per year on January 1 of each school year or *cash in the entire accumulation at retirement.*

". . .

"At the end of each year the District will provide each teacher, upon written request, with an accounting of their accumulated sick leave and all transactions concerning their sick leave days within that time period." (Italics ours.)

was not eligible for retirement. RCW 28A.58.096[2] provides reimbursement for unused sick leave "[a]t the time of separation from school district employment due to retirement or death . . ."

Public schoolteachers are eligible to retire when they meet one of three sets of qualifications: (1) at any age after 30 years of service, RCW 41.32.480(1); (2) at 60 years of age with less than 30 but more than 5 years of service, RCW 41.32.470, .480(2); and (3) at 55 years of age with completion of at least 25 years of service, RCW 41.32.480(3). It is undisputed Mrs. Clark did not meet any of those conditions when she gave notice of her intent to terminate employment in the spring of 1986. Formal demand for reimbursement was made by Mrs. Clark through her attorney on September 19, 1986. The District denied the request on

---

[2]RCW 28A.58.096 provides:

"Every school district board of directors *may,* in accordance with chapters 41.56 and 41.59 RCW, establish an attendance incentive program for all certificated and noncertificated employees in the following manner, including covering persons who were employed during the 1982–'83 school year: (1) In January of the year following any year in which a minimum of sixty days of leave for illness or injury is accrued, and each January thereafter, any eligible employee may exercise an option to receive remuneration for unused leave for illness or injury accumulated in the previous year at a rate equal to one day's monetary compensation of the employee for each four full days of accrued leave for illness or injury in excess of sixty days. Leave for illness or injury for which compensation has been received shall be deducted from accrued leave for illness or injury at the rate of four days for every one day's monetary compensation: *Provided,* That no employee may receive compensation under this section for any portion of leave for illness or injury accumulated at a rate in excess of one day per month. (2) At the time of separation from school district employment due to retirement or death an eligible employee or the employee's estate shall receive remuneration at a rate equal to one day's current monetary compensation of the employee for each four full days accrued leave for illness or injury.

"Moneys received under this section shall not be included for the purposes of computing a retirement allowance under any public retirement system in this state.

"The superintendent of public instruction in its administration hereof, shall promulgate uniform rules and regulations to carry out the purposes of this section.

"Should the legislature revoke any benefits granted under this section, no affected employee shall be entitled thereafter to receive such benefits as a matter of contractual right." (Italics ours.)

October 9, 1986. Mrs. Clark filed suit January 8, 1987, seeking a declaratory judgment as to the meaning of the word "retirement". In effect, Mrs. Clark's complaint is an appeal from the District's decision to deny her benefits based upon what she asserts is an erroneous interpretation of the word retirement.

One issue is dispositive: Is Mrs. Clark's claim barred by RCW 28A.88.010, which establishes 30 days in which to appeal a decision made by a school official?

RCW 28A.88.010 provides, in part:

Any person . . . aggrieved by any decision . . . of any school official . . . *within thirty days* after the rendition of such decision or order, or of the failure to act upon the same when properly presented, *may appeal the same to the superior court of the county* in which the school district or part thereof is situated, by filing with the secretary of the school board if the appeal is from board action or failure to act, otherwise with the proper school official, and filing with the clerk of the superior court, a notice of appeal which shall set forth in a clear and concise manner the errors complained of.

(Italics ours.)

In *Benson v. Roberts,* 35 Wn. App. 362, 364, 666 P.2d 947 (1983) the court noted:

We begin our analysis by looking at the statute. It does not indicate whether it is the exclusive remedy available to an aggrieved teacher. Ambiguous statutes should be interpreted in a reasonable manner and the primary role of the appellate court in interpreting statutes is to determine the intent of the Legislature and to give effect to that intent. *Human Rights Comm'n v. Cheney Sch. Dist. 30,* 97 Wn.2d 118, 121, 641 P.2d 163 (1982). Examination of the legislative history of this statutory scheme reveals the original enactment specifically provided: "That in *matters involving the construction of contracts* the appeal shall be taken to the court of the proper resort." (Italics ours.) Laws of 1909, ch. 97, § 2, p. 363. After a series of recodifications, this section was repealed. Laws of 1971, 1st Ex. Sess., ch. 282, § 44, p. 1476. The current statutory scheme does not contain this proviso. When a

material change in a statute is made, a change in legislative intent is presumed. *Strunk v. State Farm Mut. Auto. Ins. Co.,* 90 Wn.2d 210, 213–14, 580 P.2d 622 (1978). *Accordingly, we presume the Legislature intended to restrict teachers' contract actions to administrative procedure prior to judicial action.* This is confirmed by several Attorney General opinions interpreting the former statutory scheme to be the exclusive remedy. AGO, p. 305 (1923–24); AGO 324 (1907–08).

(Italics ours.) The court also noted, at page 366, "[t]he current statute provides for appeal from a school official or school board directly to the superior court. RCW 28A.88-.010." *See also Haynes v. Seattle Sch. Dist. 1,* 111 Wn.2d 250, 255, 758 P.2d 7 (1988), *cert. denied,* ___ U.S. ___, 103 L. Ed. 2d 191, 109 S. Ct. 1129 (1989). In *Haynes,* at 252, the court concluded that "[r]eview of a school board's decision respecting an employment right established by contract is clearly governed by RCW 28A.88.010. The 30–day appeals time limit . . . applies to the employee's appeal from the school board's decision . . ." Compare *Pasco Educ. Ass'n v. Pasco Sch. Dist. 1,* 27 Wn. App. 147, 615 P.2d 1357, 622 P.2d 915 (1980), in which this court refused to enforce the 30–day time limit because the underlying action involved specific performance of a collective bargaining agreement rather than an appeal from an administrative decision.

The superior court's jurisdiction is appellate in nature. As such, it was under a duty to apply all pertinent statutes from which it derives its appellate jurisdiction. *See Yaw v. Walla Walla Sch. Dist. 140,* 106 Wn.2d 408, 413–14, 722 P.2d 803 (1986); *Hunter v. Department of Labor & Indus.,* 19 Wn. App. 473, 476, 576 P.2d 69, *review denied,* 90 Wn.2d 1022 (1978). Those statutes include a 30–day time limit for appeal. RCW 28A.88.010; *Benson v. Roberts, supra; Haynes v. Seattle Sch. Dist. 1, supra.*

■ Mrs. Clark contends the District failed to raise the time limit as an affirmative defense; therefore, she asserts the time limit has been waived. However, this is a question of subject matter jurisdiction which may be raised for the first time on appeal. RAP 2.5(a)(1); *Skagit Motel v.*

*Department of Labor & Indus.,* 107 Wn.2d 856, 858, 734 P.2d 478 (1987); *In re Saltis,* 94 Wn.2d 889, 893, 621 P.2d 716 (1980). As stated in *Kelly v. Schorzman,* 3 Wn. App. 908, 911, 478 P.2d 769 (1970) (quoting *In re Estate of Yand,* 23 Wn.2d 831, 835, 162 P.2d 434 (1945)):

> The overwhelming weight of authority is to the effect that jurisdiction is conferred upon the appellate court only in the manner provided by statute or court rule, and where there is a failure to comply with the rule providing for perfecting of an appeal, no jurisdiction is conferred.

Thus, we conclude Mrs. Clark's action is barred by RCW 28A.88.010.

Because we have determined Mrs. Clark is barred by the statute from pursuing her claim, we do not address the remaining issues.

■ The District has requested attorney fees pursuant to RCW 4.84.290, citing *Valley v. Hand,* 38 Wn. App. 170, 173, 684 P.2d 1341, *review denied,* 103 Wn.2d 1006 (1984). However, we note the language of RCW 4.84 refers to damage actions. This is an appeal from an administrative decision denying an entitlement, which we conclude is beyond the scope of the statute. Therefore, fees are denied.

The judgment of the Superior Court is reversed and the cause of action dismissed.

THOMPSON, C.J., and GREEN, J., concur.

Review denied at 113 Wn.2d 1003 (1989).