IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| MICHAEL F. CRONIN, | ) | No. 31360-3-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CENTRAL VALLEY SCHOOL DISTRICT, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | |

BROWN, J. — Teacher Michael Cronin appeals the trial court's decision to summarily dismiss his declaratory suit seeking to require the Central Valley School District (District) to comply with his request for a statutory discharge hearing. The trial court reasoned the complaint was untimely and it lacked subject matter jurisdiction. Mr. Cronin contends the court erred in finding the time limit set forth in RCW 28A.645.010 precluded his action. We agree with Mr. Cronin, and reverse.

## FACTS

On January 5, 2012, while Mr. Cronin was incarcerated for a driving under the influence conviction, the District notified him it had probable cause for his discharge and probable cause for nonrenewal of his contract. The notice informed Mr. Cronin he had the right to timely file a notice of appeal. Mr. Cronin belongs to the Washington

Education Association (WEA) and the Central Valley Education Association (CVEA).

The collective bargaining agreement between the District and Mr. Cronin requires an

employee who is discharged and/or nonrenewed to either pursue a grievance procedure

that leads to arbitration or a statutory hearing under chapter 28A.405 RCW.

On January 11, 2012, Sally McNair, a UniServ[1] representative with the WEA,

wrote the District, on Mr. Cronin's behalf, stating, "I have received the Notice of

Probable Cause for Termination of Mike Cronin's employment . . . . I am requesting a

closed hearing on Mr. Cronin's behalf to determine whether there is sufficient cause for

such adverse action." Clerk's Papers (CP) at 48. Ms. McNair further stated, "Due to the

lack of access to Mr. Cronin, I will also be filing a grievance in order to preserve

timelines to both procedures." *Id.* The District failed to respond.

On February 8, 2012, Ms. McNair notified the District that Mr. Cronin "has

decided to pursue the statutory hearing as described in RCW 28A.405.300 as his

election of remedy for the notice of probable cause for discharge. He will not be utilizing

the grievance procedure." CP at 49. The District again failed to respond. Mr. Cronin

obtained counsel.

On February 21, 2012, Mr. Cronin's attorney contacted the District about its lack

of response. On that same day, the District drafted a letter stating it would not be

responding to Mr. Cronin's request for a hearing because such requests must be made

---

[1] WEA UniServ representatives assist regional teachers in such areas as bargaining, contract enforcement, and grievances. http://www.washingtonea.org

by "the employee who receives the notice." CP at 50. This letter was received by Ms. McNair and forwarded to Mr. Cronin's attorney on February 28, 2012.

On March 23, 2012, Mr. Cronin sued for declaratory relief, contending the District was required to respond to his request for a hearing on the finding of probable cause to discharge and nonrenewal. He requested wages from January 1, 2012 through the proceedings.

Both parties requested summary judgment. The court granted the District's request and denied Mr. Cronin's request, finding it lacked subject matter jurisdiction to hear the matter because it was not filed within 30 days of the aggrieved action as required by RCW 28A.645.010(1). After he unsuccessfully attempted reconsideration, Mr. Cronin appealed.

## ANALYSIS

The issue is whether the trial court erred in summarily dismissing Mr. Cronin's declaratory suit on lack of subject matter jurisdiction because it was untimely.

We review de novo a trial court's summary judgment decision in a declaratory judgment action. *Internet Comty. & Entm't Corp. v. Wash. State Gambling Com'n*, 169 Wn.2d 687, 691, 238 P.3d 1163 (2010). Likewise, appellate courts review de novo questions of a court's subject matter jurisdiction. *Cole v. Harveyland, LLC*, 163 Wn. App. 199, 205, 258 P.3d 70 (2011).

RCW 28A.645.010 grants the superior court jurisdiction to review a decision by a school board. All that is required is that an aggrieved person file and serve a notice of

appeal setting forth the errors complained of within 30 days. *Id.* at RCW

28A.645.010(1). Upon proper filing of the notice of appeal, the superior court obtains

subject matter jurisdiction. *Clark v. Selah Sch. Dist. No. 119*, 53 Wn. App. 832, 837,

770 P.2d 1062 (1989).

RCW 28A.645.010(1) partly provides, "Any person . . . aggrieved by *any decision*

or order of any school official or board, within thirty days after the rendition of such

decision or order, or of the failure to act upon the same . . . may appeal the same to the

superior court." (Emphasis added.) RCW 28A.645.010(2) states that appeals "by

teachers . . . from the actions of school boards with respect to discharge . . . or failure to

renew their contracts . . . shall be governed by the appeal provisions of chapters

28A.400 and 28A.405 RCW[2] . . . *and in all other cases shall be governed by chapter*

*28A.645 RCW.*" (Emphasis added.)

Here, Mr. Cronin requested declaratory relief after the District refused to appoint

a nominee for a hearing on the District's finding of probable cause. This was his

remedy election under RCW 28A.405.300, which states that an employee "within ten

days after receiving such notice [of a change in contract status], shall be granted

opportunity for a hearing pursuant to RCW 28A.405.310." RCW 28A.405.310 specifies

the hearing procedure. "In the event that an employee requests a hearing . . . a hearing

officer shall be appointed in the following manner: Within fifteen days following the

---

[2] Chapter 28A.400 RCW requires employees to be notified of their right to appeal (RCW 28A.400.340) and chapter 28A.405 RCW requires employees to appeal a notice a probable cause to terminate and/or nonrenewal within 10 days (RCW 28A.405.210 and .300).

4

receipt of any such request the board of directors of the district or its designee and the employee or employee's designee shall each appoint one nominee. The two nominees shall jointly appoint a hearing officer." RCW 28A.405.310.

The District refused to comply with the hearing procedure set forth in RCW 28A.405.310. Mr. Cronin's suit to compel the District's compliance is not an action on the probable cause finding. Thus, the time limit set forth in chapter 28A.405 RCW does not apply. This action would fall under the "all other cases" category expressly mentioned in RCW 28A.645.010(2)(a), which carry a 30-day time limit to file an appeal.

By comparison, in *Porter v. Seattle School Dist. No. 1*, 160 Wn. App. 872, 881, 248 P.3d 1111 (2011), citizens filed suit against a school district, challenging the district's approval of a math textbook series for use in the district's high schools. One of the issues was the selection of committee members to review the series. *Id.* The citizens argued teachers and community members willing to publicly question reform methodology were pointedly excluded from the committee. *Id.* Division One of this court held, "The record does not support this allegation, and even if it did, there was not a timely challenge to the committee selection process." *Id.*; *see* RCW 28A.645.010. While the court's statement is dicta, it nevertheless shows the interpretation that an objection to the failure to nominate (in *Porter* a committee member and in this case a nominee to pick a hearing officer) must be made within RCW 28A.645.010's 30-day time limit.

5

Based on the above, RCW 28A.645.010(1)'s 30-day time limit applies here. The next question, then, is whether Mr. Cronin's action was within 30 days of "any decision" by the District. RCW 28A.645.010(1).

On January 5, 2012, the District notified Mr. Cronin it had probable cause for discharge and probable cause for nonrenewal. On January 11, 2012, Ms. McNair sent a letter to the District stating, "I have received the Notice of Probable Cause for Termination of Mike Cronin's employment . . . . I am requesting a closed hearing on Mr. Cronin's behalf to determine whether there is sufficient cause for such adverse action." CP at 48. The District did not respond. On February 8, 2012, Ms. McNair again notified the District that Mr. Cronin "has decided to pursue the statutory hearing as described in RCW 28A.405.300 as his election of remedy for the notice of probable cause for discharge. He will not be utilizing the grievance procedure." CP at 49. The District again chose not to respond.

Mr. Cronin then obtained counsel. On February 21, 2012, Mr. Cronin's attorney contacted the District about its lack of response. On that same day the District drafted a letter stating it would not be responding to Mr. Cronin's request for a hearing because such requests must be made by "the employee who receives the notice." CP at 50. This letter was received by Ms. McNair and forwarded to Mr. Cronin's attorney on February 28, 2012. On March 23, 2012, Mr. Cronin sued for declaratory relief to compel the District to elect a nominee.

RCW 28A.645.010(1) states, "Any person . . . aggrieved by *any decision* . . . of any school official or board, within thirty days after the rendition of such decision . . . may appeal." (Emphasis added.) Our Supreme Court has observed that this provision "means what it says." *Haynes v. Seattle Sch. Dist. No. 1*, 111 Wn.2d 250, 251, 758 P.2d 7 (1988) (construing identical predecessor statute, former RCW 28A .88.010). Nothing in RCW 28A.645.010 authorizes an appeal from a mere failure to respond; rather, there must be a decision, order, or failure to act. The District argues its failure to act in January made the March appeal untimely. But, the District's February 21, 2012 letter informing Mr. Cronin that it would not comply with RCW 28A.405.310(4) was the rendition of a decision, triggering the 30-day period to appeal.

In *Derrey v. Toppenish School District No. 202*, 69 Wn. App. 610, 613, 849 P.2d 699 (1993), a retired school maintenance supervisor brought an action against the school district for breach of contract and negligent misrepresentation, stemming from reduction of his pension benefits. The superior court dismissed the action as untimely. *Id.* at 613. This court, however, held the district's letter to the retired worker asserting no basis existed upon which to hold the district responsible for a reduction in his pension was a "'decision'" within the meaning of RCW 28A.88.010 (RCW 28A.645.010's identical predecessor). *Id.* at 613. Thus, the letter triggered the 30-day time period.

Similarly, here, the decision appealed was the District's decision asserting Mr. Cronin did not properly elect his remedy received on February 28, 2012. This letter is an unequivocal rejection of Mr. Cronin's request for a hearing and constituted a

7

"decision or order" within the meaning of RCW 28A.645.010. Mr. Cronin's remedy at that point was an action in the superior court, timely filed on March 23, 2012. Thus, we reason the trial court had subject matter jurisdiction to hear the matter and erred in concluding otherwise. Therefore, the court erred in granting the District's request for summary judgment and not reaching the merits of Mr. Cronin's declaratory suit.

The parties briefed whether Ms. McNair was a proper representative of Mr. Cronin and whether the District improperly withheld wages from Mr. Cronin. Because we hold the summary dismissal of Mr. Cronin's request for declaratory relief was improper and remand for a determination on the merits, we leave these matters for trial court resolution. *See Fisher v. Aldi Tire, Inc.*, 78 Wn. App. 902, 910, 902 P.2d 166 (1995) (holding an award of attorney fees was premature because "it has merely been established that further proceedings are needed.")

Reversed and remanded for further proceedings.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Brown, J.

WE CONCUR:

Siddoway, A.C.J.

Fearing, J.

8