[No. 44367. En Banc. December 30, 1976.]

ANNE NEILSON, *Appellant,* v. VASHON ISLAND SCHOOL DISTRICT NO. 402, ET AL, *Respondents.*

*People v. White,* 259 Cal. App. 2d Supp. 936, 65 Cal. Rptr. 923 (Super. Ct. 1968).

*Robert C. Van Siclen* and *Schneider, Smythe, Salley & Van Siclen,* for appellant.

*Christopher T. Bayley, Prosecuting Attorney,* and *Diane E. Dray* and *J. Richard Quirk, Deputies,* for respondents.

UTTER, J.—Anne Neilson, as plaintiff below and appellant herein, brought an action in Superior Court against her employer, the Vashon Island School District, respondent herein, to increase her salary. She claimed the district should recognize college credits she received after attaining her bachelor of arts degree, as applicable to a preestablished schedule for teacher compensation. Appellant moved for summary judgment and respondent for dismissal. Respondent's motion to dismiss was granted. We reverse and remand the case for trial on the merits.

Appellant commenced teaching for the district in 1973 after she had obtained a bachelor of arts degree and 70 additional quarter hours of credit. The salaries of teachers employed by the district varied depending upon teaching experience and education beyond the initial bachelor's degree. When initially employed by the district, appellant was placed in the first or "B.A." category of the salary schedule, rather than in the "B.A. + 67.5 hours" category to which she claims to be entitled, which would allow her greater compensation. In an effort to resolve her dispute, appellant commenced the four-step grievance procedure established by virtue of a contract between the school district and appellant's duly certified bargaining representative, the Vashon Education Association. The pleadings establish the

existence of this procedure and that appellant pursued it through the specified four-step process, consisting of: (1) discussion of the grievance with the immediate supervisor; (2) submission of the grievance to the superintendent of schools; (3) submission to the board of directors; and (4) submission to a citizens' advisory committee.

Appellant received the advisory committee's recommendation on December 17, 1974. Ms. Neilson then appealed to the Superior Court. The appeal was filed within 30 days of the advisory committee action, but more than 30 days after the board's decision of September 23, 1974, rendered pursuant to step 3 of the grievance procedure. The trial judge granted respondent's motion to dismiss on the grounds that RCW 28A.88.010 required appeal to the Superior Court within 30 days of the board's decision.

Respondent initially contends that this court may not consider the Vashon Island School District grievance procedure, inasmuch as that document is not properly before this court. Our examination of the transcript on appeal reveals the grievance procedure is not contained therein, although referred to extensively in appellant's brief. Appellant's brief contains a section denominated "Statement of Facts Appendix B" which purports to be a copy of the Vashon Island School District grievance procedure. We have refused to consider this method as proper means to bring before this court matters not part of the trial record below. *State ex rel. Tremblay v. McQuade*, 12 Wash. 554, 41 P. 897 (1895).

Matters which are neither incorporated in the statement of facts certified by the trial court nor identified with particularity in the summary judgment filed and signed by the trial court and then furnished to this court by transcript certified by the Clerk of the Court may not be brought before the court by other means. It would be unfair, on appellate review, to consider matters not presented to the trial court for its consideration. *American Universal Ins. Co. v. Ranson*, 59 Wn.2d 811, 370 P.2d 867 (1962). However,

appellant's failure to follow this procedure is not necessar-, ily fatal.

■ Averments in a pleading to which a responsive pleading is required are admitted when not denied. CR 8.(d). A statement of fact made by a party in this.pleading is an admission the fact exists as such and is admissible· against him in favor of his adversary. *Anderson v. Petridge,* 45 Wn.2d 299, 274 P.2d 352 (1954), *see* Annot., 63 A.L.R.2d 412 (1959). Respondent's answer affirmatively alleges the existence of the Vashon Education Association· and its status as a bargaining representative for the appellant. It further alleges the existence of the bargaining agreement between it and the association, that the agreement contains a grievance procedure which is "plaintiff's sole remedy" and admits appellant filed a grievance with the district, which was submitted to the board and to the citizens' advisory committee. An affidavit of one of respondent's witnesses, presented to the trial court in support of respondent's pretrial motions, acknowledges the existence of the Vashon Education Association and its status as the teachers' bargaining representative, as well as the existence of the advisory committee. Respondent's memorandum in opposition to summary judgment also recognizes that appellant followed each of the four steps of the previously recognized grievance procedure. Where the pleadings and memorandums of counsel indicate that an issue has been impliedly withdrawn from contest, the party so doing waives the necessity of proof of that issue by the opposing party. *Stratton v. United States Bulk Carriers, Inc.,* 3 Wn. App. 790, 478 P.2d 253 (1970); *Darrin v. Gould,* 85 Wn.2d 859, 863, 540 P.2d 882 (1975). While this court may not consider the specific grievance procedure included in appellant's brief, enough of the details of that procedure are before the court through the parties' pleadings and memorandums that its existence, the steps in the procedure recognized and commented on in the briefs and memorandums, and plaintiff's actions with reference thereto may·be considered by this court. We conclude there is sufficient

information properly before us to allow consideration of the merits of the appellant's contentions.

The operative language of RCW 28A.88.010 requires an appeal from either a "decision or order of any school official or board, within thirty days after the rendition of such decision or order, or of the failure to act upon the same when properly presented . . ." The position of respondent is that there was no appeal from the initial decision of the school board within 30 days and that the advisory committee permitted in the grievance procedure is not a "school official" within the meaning of that language as used in RCW 28A.88.010. This analysis assumes the board has reached a decision within the meaning of that statute on September 23, 1974. We believe it has not and that it can' be said to have made a decision from which an appeal may be taken, only after the recommendation of the citizens': advisory committee has been made and the board had an opportunity to either accept or reject that recommendation.

The advisory committee did not exist as a separate decision-making body. Its very designation as an "advisory committee" implied it was to give advice to some other group or body. The school board is the body statutorily authorized to act in relation to plaintiff's complaint. *See* RCW 28A.67.065, .066, .070. While the board and the education association may not enter into an agreement which is in derogation of this statutory duty (*Oak Harbor School Dist. v. Oak Harbor Educ. Ass'n*, 86 Wn.2d 497, 545 P.2d 1197 (1976)), we are compelled, if possible, to give effect, in accordance with the ordinary rules of contract law, to the objective intent of the parties as manifested by the grievance procedure provisions. *Barclay v. Spokane*, 83 Wn.2d 698, 521 P.2d 937 (1974). The parties must have intended the board to reconsider its initial position in light of the advisory committee's recommendations prior to rendering a final decision. To construe the procedure in any other fashion would result in the fourth step of the grievance procedure being devoid of purpose. Such a judicial interpretation should be avoided where, as here, it is possi-

ble so to do. *Patterson v. Bixby*, 58 Wn.2d 454, 364 P.2d 10 (1961); *Newsom v. Miller*, 42 Wn.2d 727, 258 P.2d 812 (1953). Plaintiff therefore would not be required to appeal until the board either accepted or rejected the recommendation of the advisory committee and was in a position to render a final decision based upon its own established procedures achieved in collective bargaining with the Vashon Education Association. It follows that the appeal here at issue was filed in a timely fashion.

 It appears from the record that the board has taken no action as a result of the advisory committee recommendation. However, the board, in its initial decision of September 23, 1974, denied appellant the relief she had sought. The subsequent recommendation of the advisory committee was in full agreement with that decision. It seems a foregone conclusion that the final decision of the board would be in accord with those two actions. Under these circumstances, we do not consider it necessary for further proceedings in this case to be delayed pending the rendition of a final decision by the board. Our cases indicate that we need not require the establishment of further evidence supportive of matters not seriously in dispute. *Trompeter v. United Ins. Co.*, 51 Wn.2d 133, 316 P.2d 455 (1957). Moreover, the court should refrain from ordering the performance of a useless act. *State ex rel. Close v. Meehan*, 49 Wn. 2d 426, 302 P. 2d 194 (1956).

We hold the appeal to have been timely filed and remand for trial on the merits.

STAFFORD, C.J., and ROSELLINI, HUNTER, HAMILTON, WRIGHT, BRACHTENBACH, HOROWITZ, and DOLLIVER, JJ., concur.