140

[No. 18289-7-I.   Division One.   August 24, 1987.]

WANDA HAYNES, *Appellant,* v. SEATTLE SCHOOL DISTRICT
No. 1, ET AL, *Respondents.*

*Edwin S. Stone,* for appellant.

*Philip A. Thompson,* for respondents.

REVELLE, J.*—In 1980, appellant Wanda Haynes was

---

*This appeal was heard by a Supreme Court Justice, a Superior Court Judge, and a retired Superior Court Judge sitting as Court of Appeals Judges Pro Tempore in Division One.

employed by Seattle School District No. 1 as one of seven curriculum specialists for the 1980–81 school year. On January 19, 1981, she applied for and received sabbatical leave for the 1981–82 school year under the following pertinent terms:

(g) The employee agrees to return to the corps for two years of employment following the Sabbatical Leave. Failure to return to the corps will cause return of the entire amount of the stipend to the District. If the employee leaves at the end of one year, one–half of the stipend must be returned.

(h) Employees returning from Sabbatical Leave shall normally be returned to the same position. If a change of position is requested by the employee, if the position has become non–existent, or if it is necessary to fill the position with a tenured staff member, an educator returning from Sabbatical Leave *shall return to a comparable position.*

(Italics ours.)[1]

Near the end of appellant's sabbatical, the superintendent of the school district notified her of his decision to transfer her, pursuant to RCW 28A.67.073,[2] to a subordi-

---

[1]These terms are contained in the school district's "Sabbatical Leave Program" publication.

[2](1) RCW 28A.67.073 provides in part as follows:

28A.67.073 Conditions and contracts of employment—Transfer of administrator to subordinate certificated position—Procedure. Any certificated employee of a school district employed as an assistant superintendent, director, principal, assistant principal, coordinator, or in any other supervisory or administrative position, hereinafter in this section referred to as "administrator", shall be subject to transfer, at the expiration of the term of his or her employment contract, to any subordinate certificated position with the school district. "Subordinate certificated position" as used in this section, shall mean any administrative or nonadministrative certificated position for which the annual compensation is less than the position currently held by the administrator.

Every superintendent determining that the best interests of the school district would be served by transferring any administrator to a subordinate certificated position shall notify that administrator in writing on or before May 15th preceding the commencement of such school term of that determination, which notification shall state the reason or reasons for the transfer, and shall identify the subordinate certificated position to which the administrator will be transferred.

nate certificated position. The notification advised her of her right to meet informally with the school board to request that it reconsider the superintendent's decision.

Pursuant to her request, the school board held the statutory informal meeting on June 9, 1982. At the meeting, Haynes apparently argued that her transfer to a subordinate position breached the district's promise to return her to "a comparable position." In rejecting this argument, the board stated that "the term 'comparable position' has historically encompassed the type of reassignment you are receiving."

Two years later, on June 12, 1984, Haynes commenced this action alleging the school district breached its contractual obligation to employ her in a comparable position. The

---

Such notice shall be served upon the administrator personally, or by certified or registered mail, or by leaving a copy of the notice at the place of his or her usual abode with some person of suitable age and discretion then resident therein.

Every such administrator so notified, at his or her request made in writing and filed with the president or chairman, or secretary of the board of directors of the district within ten days after receiving such notice, shall be given the opportunity to meet informally with the board of directors in an executive session thereof for the purpose of requesting the board to reconsider the decision of the superintendent. Such board, upon receipt of such request, shall schedule the meeting for no later than the next regularly scheduled meeting of the board, and shall notify the administrator in writing of the date, time and place of the meeting at least three days prior thereto. At such meeting the administrator shall be given the opportunity to refute any facts upon which the determination was based and to make any argument in support of his or her request for reconsideration. The administrator and the board may invite their respective legal counsel to be present and to participate at the meeting. The board shall notify the administrator in writing of its final decision within ten days following its meeting with the administrator. No appeal to the courts shall lie from the final decision of the board of directors to transfer an administrator to a subordinate certificated position . . .

This section applies to any person employed as an administrator by a school district on June 25, 1976 and to all persons so employed at any time thereafter. This section provides the exclusive means for transferring an administrator to a subordinate certificated position at the expiration of the term of his or her employment contract.

trial court granted summary judgment for respondent on alternative grounds: (1) either the school board's decision was not appealable by express provisions of RCW 28A.67-.073 or (2) appellant failed to comply with the portion of RCW 28A.88.010 requiring "[a]ny person . . . aggrieved by any decision or order of any school official or board [to appeal] *within thirty days* after the rendition of such decision or order . . . to the superior court . . .". This appeal followed.

Appellant contends the statutes cited by the trial court are not applicable to her action for breach of contract and therefore the trial court erred in entering summary judgment. We agree.

Under RCW 28A.88.010, a teacher aggrieved by the decision of a school official or board must take appeal to superior court within 30 days of such decision. The statute only applies to school board actions which are judicial or quasi–judicial in nature. *Coughlin v. Seattle Sch. Dist. 1*, 27 Wn. App. 888, 892, 621 P.2d 183 (1980). Respondent concedes that under *Williams v. Seattle Sch. Dist. 1*, 97 Wn.2d 215, 643 P.2d 426 (1982), the school board's affirmance of the decision to transfer appellant was administrative, not quasi–judicial. Therefore, RCW 28A.88.010 does not apply to that decision. Respondent argues, however, that the school board's decision on the question of whether the transfer violated the alleged sabbatical leave contract was quasi–judicial in nature, and therefore RCW 28A.88-.010 applies to that decision. We disagree.

In determining whether a particular administrative action or decision is quasi–judicial or administrative in nature, our courts have applied a 4–part test. That test is whether:

(1) the court could have been charged in the first instance with the responsibility of making the decision;
(2) the function of the agency is one that courts have

historically performed; (3) the agency performs functions of inquiry, investigation, declaration and enforcement of liabilities as they stand on present or past facts under existing laws; and (4) the agency's action is comparable to the ordinary business of courts.

*Yaw v. Walla Walla Sch. Dist. 140,* 106 Wn.2d 408, 414, 722 P.2d 803 (1986). Applying this test to the present case, there is no question that a court could have been charged in deciding the sabbatical contract question. Also, the interpretation of contracts is a function historically performed by the courts. However, the school board's decision on the sabbatical contract issue cannot be characterized as the application of law to specific past or present facts. There is no indication in the record that the school board applied principles of contract law to the issue. Rather, the record shows that the board merely concluded that the words "comparable position" *historically* (not legally) encompassed the type of reassignment appellant received. Thus, it does not appear that the board applied any law to the facts of this case. Furthermore, the informal hearing and the actions taken at the hearing did not resemble the ordinary business of the courts. The hearing was conducted pursuant to RCW 28A.67.073, and therefore the board had broad discretionary authority and did not have to articulate reasons or justifications for its decision. RCW 28A.67.073; *Williams v. Seattle Sch. Dist. 1,* 97 Wn.2d 215, 220, 643 P.2d 426 (1982). Thus, the action taken by the school board on this particular issue was not quasi–judicial in nature, and RCW 28A.88.010 is not applicable here.

■ We also disagree with respondent's argument that appellant's action is barred by RCW 28A.67.073. They argue that this statute precludes judicial action on an administrative transfer decision. However, while the statute does preclude an *"appeal* to the courts . . . from the final decision . . . to transfer an administrator"* (italics ours), it does not purport to preclude an administrator's action for breach of contract. Since the present action is an action for breach of contract, not an appeal from the school board's

decision, RCW 28A.67.073 is inapplicable.
Reversed and remanded.

Dore and Holman, JJ. Pro Tem., concur.

Reconsideration denied October 12, 1987.

Review granted by Supreme Court February 1, 1988.