[No. 20072–1–I.  Division One.  April 25, 1988.]

ELMER TRAMMELL, ET AL, *Appellants,* v. RIVERVIEW SCHOOL DISTRICT NO. 407, *Respondent.*

*Eric T. Nordlof,* for appellants.

*Norm Maleng, Prosecuting Attorney,* and *Jeffery M. Slayton, Deputy,* for respondent.

WILLIAMS, J.—This is a controversy between Riverview School District No. 407, and Elmer Trammell, who is represented by the Public School Employees of Washington. Trammell, employed for several years by the District as a school custodian, was laid off on September 2, 1983. The collective bargaining agreement in place between the parties provided that seniority rights would govern in the event of layoffs, unless the District determined a junior employee had greater ability and had performed better than a senior employee. The agreement also prohibited the District from discharging an employee except for cause. Trammell asserts that his layoff was an improper discharge because a junior employee having no greater ability or performance was retained, and because within 10 days following Trammell's layoff two new custodians were hired.

The collective bargaining agreement contains a 5–step internal procedure for dispute resolution. The first is an "informal step" requiring the employee to discuss the grievance with his immediate supervisor. Next, Step One authorizes the filing of a written grievance with the employee's immediate supervisor. If the grievance is not satisfactorily resolved in Step One, Step Two takes the grievance to the superintendent, who must provide the employee with a written response within 10 days. Step Three supplements Step Two by permitting nonbinding mediation.[1] Step Four permits submission of the grievance to the District Board of Directors, who "shall have twenty–five (25) days from receipt of the grievance to resolve the matter and provide a written response."

These procedures were followed except for Step Three. The Board considered Trammell's grievance at a meeting

---

[1]Binding arbitration might well have expedited the resolution of this case. We note the judicial system acquired jurisdiction in late 1983, with this court not hearing oral argument until January 20, 1988, over 4 years later.

on October 24, 1983, continued to November 14, 1983. At the November 14 meeting, after going into executive session, the Board reconvened at 11:05 p.m. and, in the absence of Trammell, voted to deny his grievance. The Board sent Trammell a written notice dated November 30, stating that his grievance was denied. Trammell received the notice on December 2, 1983, and appealed to King County Superior Court on December 27, 1983.

■ The first question is whether the proceeding was administrative or quasi judicial in character, the Supreme Court having held that only decisions or orders from the Board functioning in a quasi–judicial capacity are within the appeals statute, RCW 28A.88.010–.015. *Yaw v. Walla Walla Sch. Dist. 140,* 106 Wn.2d 408, 722 P.2d 803 (1986). The function of the Board is quasi judicial when it determines the question of sufficient cause in the context of rights under an employment contract. *Yaw v. Walla Walla Sch. Dist. 140, supra; Butler v. Lamont Sch. Dist. 246,* 49 Wn. App. 709, 745 P.2d 1308 (1987), *review granted,* 110 Wn.2d 1015 (1988). That is what was done in this case.

The second question is whether the appeal to the superior court on December 27 was timely. RCW 28A.88.010 calls for filings to be made "within thirty days of the rendition of such decision or order". If the decision was "rendered" at the November 14 meeting, the appeal was filed too late; if rendered when written notice was either transmitted or received, the appeal was within the 30–day period.

As the statute does not define the word "render," it may safely be assumed that the Legislature intended it to mean the final act or judgment of the board from which an appeal would lie. *Cf.* RAP 2.2. CR 54(a)(1) provides:

> A judgment is the final determination of the rights of the parties in the action and includes any decree and order from which an appeal lies. A judgment shall be in writing and signed by the judge and filed forthwith as provided in rule 58.

CR 58 provides in part:

(a) **When.** Unless the court otherwise directs and subject to the provisions of rule 54(b), all judgments shall be entered immediately after they are signed by the judge.

(b) **Effective Time.** Judgments shall be deemed entered for all procedural purposes from the time of delivery to the clerk for filing, unless the judge earlier permits the judgment to be filed with him as authorized by rule 5(e).

█ In the absence of civil rules of procedure, the District and the employees' union have by agreement specified that within a certain time the Board is "to resolve the matter and provide a written response." This is in keeping with customary rules of procedure and well within the power of the contracting parties to accomplish. *See, e.g., Wagner v. Wagner,* 95 Wn.2d 94, 621 P.2d 1279 (1980) (parties presumed to contract with reference to existing statutes, unless a contrary intent is shown); *Haynes v. Seattle Sch. Dist. 1,* 49 Wn. App. 140, 741 P.2d 580 (1987) (recognizing that a contract may supplement or override a statute, in that the plaintiff there had a right to bring an action for breach of a collective bargaining agreement although an appeal to the superior court was precluded by statute), *review granted,* 110 Wn.2d 1001 (1988).

The facts of this case exemplify why a decision is "rendered," for purposes of RCW 28A.88.010, when the Board "provide[s] a written response" under the collective bargaining agreement. The minutes of the November 14 meeting report a recess at 10:22 p.m. for the Board to go into executive session. At 11:05 p.m. the Board reconvened in regular session with the action taken that

Motion by Dr. Studer and seconded by Mrs. Stein to provide a written response to Mr. Trammell's grievance, denying the grievance and stating the reason for the denial.

Although Trammell and his union representative were present at the beginning of the meeting, neither was in attendance when the action was taken. Significantly, when

the Board went into executive session no announcement was made as to when the session would be concluded as required by RCW 42.30.110. There is no evidence that either Trammell or the representative had notice that a decision would be announced that evening.

The judgment dismissing the action is reversed and the cause remanded for trial de novo. RCW 28A.88.015.

WEBSTER and WINSOR, JJ., concur.