[No. 54586-3.  En Banc.  July 15, 1988.]

WANDA HAYNES, *Respondent*, v. SEATTLE SCHOOL DISTRICT No. 1, ET AL, *Petitioners.*

*Philip A. Thompson,* for petitioners.

*Edwin S. Stone,* for respondent.

ANDERSEN, J.—
### FACTS OF CASE

In this case, we hold that the clear 30–day statutory limitation imposed by the State Legislature (RCW 28A.88.010) on the time within which an appeal must be taken from a school board decision means what it says, and appeals taken after that time limit has expired are not timely.

An employee of Seattle School District No. 1, Wanda Haynes brought this breach of contract action against the District based on the following facts. On January 19, 1981, the employee, who was a curriculum specialist for the 1980–81 school year, applied for and received sabbatical leave for the 1981–82 school year. The District's "Sabbatical Leave Program" publication contained the following provision:

> Employees returning from Sabbatical Leave shall normally be returned to the same position. If a change of position is requested by the employee, if the position has become non–existent, or if it is necessary to fill the position with a tenured staff member, an educator returning from Sabbatical Leave shall return to a comparable position.

Toward the end of the employee's sabbatical year, the District Superintendent notified her that she would be transferred to a nonsupervisory certificated position for the 1982–83 school year. The notice also advised the employee of her right to meet informally with the school board for the purpose of requesting reconsideration of the superintendent's decision. The employee was one of at least six administrators in the curriculum specialist position who were transferred to other certificated positions that year.

The school board held an informal meeting on June 9, 1982 to review the superintendent's decision. On June 18, 1982, the board notified the employee in writing that it had decided to uphold the superintendent's decision, stating in part, "With respect to your sabbatical situation, the Board

believes the term 'comparable position' has historically encompassed the type of reassignment you are receiving."

On June 13, 1984, nearly 2 years after the school board's decision, the employee commenced this action alleging that the District breached its contractual obligation to employ her in a "comparable position" when she returned from sabbatical leave. The trial court granted the District's motion for summary judgment on alternative grounds, holding: (1) the school board's decision was not appealable under RCW 28A.67.073 and, (2) the employee failed to appeal the school board's decision within 30 days as required by RCW 28A.88.010, thus causing her claim to be barred.

The Court of Appeals reversed, holding that neither RCW 28A.67.073 nor RCW 28A.88.010 apply to the employee's action for breach of contract.[1] The District's petition for review raises one principal issue.

## ISSUE

Is the employee's breach of contract action subject to the statutory 30–day time limitation for appeals imposed by RCW 28A.88.010?

## DECISION

CONCLUSION. Review of a school board's decision respecting an employment right established by contract is clearly governed by RCW 28A.88.010. The 30–day appeals time limit which the Legislature wrote into that statute thus applies to the employee's appeal from the school board's decision in this case. The trial court did not err when it ruled that the employee's appeal was time barred when she waited almost 2 years to appeal.

RCW 28A.88.010 provides:

Any person, or persons, either severally or collectively, *aggrieved by any decision or order of any school official or board, within thirty days after the rendition of such decision or order,* or of the failure to act upon the same

---

[1]*Haynes v. Seattle Sch. Dist. 1,* 49 Wn. App. 140, 143, 741 P.2d 580 (1987).

when properly presented, *may appeal the same to the superior court* of the county in which the school district or part thereof is situated, by filing with the secretary of the school board if the appeal is from board action or failure to act, otherwise with the proper school official, and filing with the clerk of the superior court, a notice of appeal which shall set forth in a clear and concise manner the errors complained of.

Appeals by teachers, principals, supervisors, superintendents, or other certificated employees from the actions of school boards with respect to discharge or other action adversely affecting their contract status, or failure to renew their contracts for the next ensuing term shall be governed by the appeal provisions of chapter 28A.58 RCW therefor and in all other cases shall be governed by this chapter 28A.88 RCW.

(Italics ours.)

Another statute, RCW 28A.88.015, further provides in pertinent part that "[a]ny appeal to the superior court shall be heard de novo by the superior court."

██ The language of this second statute (RCW 28A.88-.015) allowing de novo review on appeal has led to some decisions by the Court of Appeals implying that the above set out statute (RCW 28A.88.010) applies only to quasi–judicial board actions, the theory being that the court does not have the power to review de novo the nonjudicial decisions or actions of an administrative body.[2] It is true that the court may not conduct a de novo review of the nonjudicial decisions or actions of an administrative body, however, that lack of authority does not preclude the court from reviewing such actions altogether.

We recently emphasized our adherence to principles governing review that allow limited review of nonjudicial administrative actions:

---

[2]*See Lane v. Ocosta Sch. Dist. 172,* 13 Wn. App. 697, 701, 537 P.2d 1052 (1975); *Pasco Educ. Ass'n v. Pasco Sch. Dist. 1,* 27 Wn. App. 147, 151–52, 615 P.2d 1357, 622 P.2d 915 (1980); *Coughlin v. Seattle Sch. Dist. 1,* 27 Wn. App. 888, 892, 621 P.2d 183 (1980); *Haynes,* 49 Wn. App. at 143; *Trammell v. Riverview Sch. Dist. 407,* 51 Wn. App. 221, 223, 752 P.2d 951 (1988).

In reviewing the law on judicial review of administrative action, the constitutional jurisdiction of the superior court on appeal from agency action is as follows: If the power exercised by an agency is essentially administrative, the superior court, upon appeal provided by statute, is limited to a consideration of whether the agency acted arbitrarily, capriciously, or contrary to law. *Household Fin. Corp. v. State,* 40 Wn.2d 451, 244 P.2d 260 (1952); *In re Harmon,* 52 Wn.2d 118, 323 P.2d 653 (1958). If the administrative agency performs an essentially judicial function, the superior court, on appeal from a decision of the board, has, if there is a statute so permitting, the constitutional power to allow a trial de novo. *Floyd v. Department of Labor & Indus.,* 44 Wn.2d 560, 269 P.2d 563 (1954).

*Francisco v. Board of Directors,* 85 Wn.2d 575, 578–79, 537 P.2d 789 (1975), quoted in *Yaw v. Walla Walla Sch. Dist. 140,* 106 Wn.2d 408, 413–14, 722 P.2d 803 (1986).

Application of these principles to the statute here in question, RCW 28A.88.010, leads to the same conclusions that we recently stated in *Yaw,* namely that

despite the clear language of RCW 28A.88.015, a de novo review of an administrative agency's decision is only permissible when the agency acts in a quasi–judicial manner. Review under RCW 28A.88.010 is limited to whether the agency acted arbitrarily, capriciously, or contrary to law *in cases in which the agency acted in its administrative function.*

(Italics ours.) *Yaw,* at 413. Thus, the 30–day time limit on appeals which the Legislature mandated by RCW 28A.88-.010 applies to both judicial and nonjudicial actions or decisions of the school board. If the board's action appealed from is quasi–judicial, de novo review is available under the terms of RCW 28A.88.015. If, on the other hand, the board's action appealed from is nonjudicial, then the court

would review only to determine if the agency acted arbitrarily, capriciously or contrary to law.[3] Either way, the 30–day time appeal limitation is still applicable. Expressed another way, the differing scopes of review for judicial and nonjudicial agency action do not affect RCW 28A.88.010's express time limitation for the taking of appeals.

Here, the employee waited almost 2 years to bring her appeal in superior court, far exceeding the 30–day appeal time limit. Accordingly, the employee's claim was barred by RCW 28A.88.010. The trial court, therefore, did not err when on this basis it granted summary judgment to the District.

Our decision that RCW 28A.88.010 means what it says and that the employee's appeal herein is barred renders unnecessary any detailed discussion of the type of decision made by the board and the corresponding scope of review, such as that engaged in by the Court of Appeals.[4] However, we do note that where, as here, the school board's action encompasses a determination of an employee's rights and liabilities under an existing contract, the action is judicial in nature and a de novo review is proper, providing that review is not otherwise barred by the statutory time limit for appeal.[5] We also observe that "[m]erely changing the name of the action [to breach of contract] will not be sufficient to permit plaintiffs to change the forum and consequently avoid the time limit for appeal."[6]

---

[3]*Yaw v. Walla Walla Sch. Dist. 140*, 106 Wn.2d 408, 413–14, 722 P.2d 803 (1986).

[4]*See Haynes*, 49 Wn. App. at 143–44.

[5]*See Yaw*, at 413–17; *Trammell*, at 223; *Benson v. Roberts*, 35 Wn. App. 362, 666 P.2d 947 (1983).

[6]*Benson*, at 368.

The decision of the Court of Appeals is reversed and the trial court's summary judgment in favor of the District is reinstated.[7]

PEARSON, C.J., UTTER, BRACHTENBACH, DOLLIVER, CALLOW, GOODLOE, and DURHAM, JJ., and BAKER, J. Pro Tem., concur.

Reconsideration denied September 14, 1988.

---

[7]The District's petition raises a second issue, which will not be considered because it was not raised in the trial court. *See State ex rel. Graham v. San Juan Cy.*, 102 Wn.2d 311, 317, 686 P.2d 1073 (1984); RAP 2.5(a).