[No. 23940–6–I.   Division One.   April 23, 1990.]

THE STATE STREET OFFICE BUILDING, *Appellant,* v. SEDRO
WOOLLEY SCHOOL DISTRICT NO. 101, *Respondent.*

*William H. Nielsen,* for appellant.

*Michael K. McCormack* and *Cozen & O'Connor,* for
respondent.

BAKER, J.—State Street Office Building (State Street), a
joint venture, appeals the trial court's summary judgment
order dismissing its complaint against the Sedro Woolley
School District No. 101 (School District). State Street
claims the School District breached an oral contract to
lease a building. The trial court found that RCW 28A.88-
.010 required State Street to file its action against the
School District within 30 days of the breach and that State
Street failed to comply. We reverse.

I

Beginning in early 1987, Sedro Woolley School District
discussed leasing the subject building with its owners, State

Street. In July 1987, the School District entered the building, with permission, and began to remodel it. No written lease had yet been signed, but State Street alleges it was assured the signing would be a mere formality.

However, on August 12, 1987, the school board met and decided to lease a different building, not owned by State Street. One of the joint venturers was present at the meeting, and formal, written notice was provided to State Street a few days later.

State Street filed this action alleging breach of lease and seeking damages on October 29, 1987, more than 30 days after the school board's decision. The School District unsuccessfully brought a motion for summary judgment, arguing that State Street, by failing to bring its action within 30 days of the School District's alleged breach, violated RCW 28A.88.010. After the decision of the Supreme Court in *Haynes v. Seattle Sch. Dist. 1*, 111 Wn.2d 250, 758 P.2d 7, *cert. denied*, 489 U.S. 1015 (1989), the School District renewed its motion for summary judgment on the same statutory ground. The trial court granted the renewed motion and dismissed the action.

## II

The School District characterizes the present action as an appeal from a decision of the school board. Relying principally upon RCW 28A.88.010 and *Haynes*, the School District argues that the superior court had no jurisdiction to hear and determine the case because the action was filed more than 30 days after the school board's decision. State Street contends that its action is not an appeal from a school board decision, and that RCW 28A.88.010 has no applicability to its breach of contract action. We agree.[1]

---

[1]State Street further contends that the statute could not apply to actions of this type without violating its Fourteenth Amendment right to equal protection of the laws. In view of our disposition on the statutory issue, we do not reach the constitutional issue.

The statute at issue provides:

> Any person, or persons, either severally or collectively, *aggrieved by any decision or order of any school official or board, within thirty days after the rendition of such decision or order, or of the failure to act upon the same when properly presented, may appeal the same* to the superior court of the county in which the school district or part thereof is situated, by filing with the secretary of the school board if the appeal is from board action or failure to act, otherwise with the proper school official, and filing with the clerk of the superior court, a notice of appeal which shall set forth in a clear and concise manner the errors complained of.
>
> Appeals by teachers, principals, supervisors, superintendents, or other certificated employees from the actions of school boards with respect to discharge or other action adversely affecting their contract status, or failure to renew their contracts for the next ensuing term shall be governed by the appeal provisions of chapter 28A.58 RCW therefor and in all other cases shall be governed by this chapter 28A.88 RCW.

(Italics ours.) RCW 28A.88.010.

RCW 28A.88 is part of the comprehensive, legislatively designed treatment of common school provisions. RCW 28A.58 establishes school districts as corporate bodies and enumerates their powers to organize and administer the schools. RCW 28A.58.010 provides that the school district "may sue and be sued and transact all business necessary for maintaining school and protecting the rights of the district, and enter into such obligations as are authorized therefor by law."

RCW 28A.58.131, in particular, permits the board of directors of a school district to enter into contracts to rent or lease building space for up to 5 years.

Most of the cases applying RCW 28A.88.010 are appeals from school board decisions on employee contracts. *See, e.g., Haynes v. Seattle Sch. Dist. 1, supra; Yaw v. Walla Walla Sch. Dist. 140,* 106 Wn.2d 408, 722 P.2d 803 (1986); *Clark v. Selah Sch. Dist. 119,* 53 Wn. App. 832, 770 P.2d 1062, *review denied,* 113 Wn.2d 1003 (1989); *Benson v. Roberts,* 35 Wn. App. 362, 666 P.2d 947 (1983). Several

other nonemployee cases declined to apply the statute, using the "nonjudicial" distinction apparently disapproved in *Haynes. See, e.g., Millikan v. Board of Directors,* 93 Wn.2d 522, 611 P.2d 414 (1980) (teaching methods); *Coughlin v. Seattle Sch. Dist. 1,* 27 Wn. App. 888, 621 P.2d 183 (1980) (school closures); *Lane v. Ocosta Sch. Dist. 172,* 13 Wn. App. 697, 537 P.2d 1052 (1975) (school bus stops).

In *Haynes v. Seattle Sch. Dist. 1, supra,* an employee appealed a school board decision reassigning her after her sabbatical year. Because the appeal was 2 years after the decision, the court found that her appeal violated the 30–day time limit of RCW 28A.88.010. Even though the employee in addition characterized her action as a breach of contract, the Supreme Court held that all such actions are clearly subject to the requirements of the statute.

The *Haynes* court also discussed prior cases which distinguished between quasi–judicial and nonjudicial decisions of school boards as a basis for applicability of the 30–day time limit of RCW 28A.88.010. *See Haynes v. Seattle Sch. Dist. 1,* 111 Wn.2d at 253–55. The *Haynes* court rejected the quasi–judicial and nonjudicial distinction. However, *Haynes* does not expand the scope of the statute to include the type of claim involved in this case.

The respondent here argues that the holding of *Haynes* applies to all actions of any type, brought by any person or entity whatsoever. So long as a school board has taken a position on the matter, argues the District, an aggrieved party must file an appeal to the court within 30 days or be barred forever.

Putting aside the obvious constitutional problems in the District's position,[2] we do not read *Haynes* to sweep so

---

[2]In oral argument, the District conceded that applying the 30–day appeal period to tort claims against the District would raise obvious equal protection problems. Yet, if the statute were as broadly applicable as argued by the School District, it would obviously encompass tort actions. Moreover, equal protection guaranties are not limited to tort actions. *See, e.g., Snow's Mobile Homes, Inc. v. Morgan,* 80 Wn.2d 283, 494 P.2d 216 (1972) (taxation); *Bay Indus., Inc. v. Jefferson Cy.,* 33 Wn. App. 239, 653 P.2d 1355 (1982) (property).

broadly. The issue decided in *Haynes* was well stated in the opinion itself: "Is the *employee's* breach of contract action subject to the statutory 30–day time limitation for appeals imposed by RCW 28A.88.010?" (Italics ours.) *Haynes,* 111 Wn.2d at 252. Having stated the issue in that manner, the court proceeded to a holding entirely consistent with the statutory scheme involved.

By contrast, the present action is brought by an outside claimant, not an employee of the District. The action relates to the District's statutory powers as a corporate entity to enter into lease agreements. The claim involves no issue of the School District's responsibilities as an employer, nor any substantive school policy issue. Taking the allegations of the complaint at face value, as we must in this context,[3] this action is precisely as characterized—a breach of contract action. It is not properly characterized as an appeal from a decision of the school board. RCW 28A.88.010 does not apply to this breach of contract action. It is not necessary that we decide here the conceivable limit of applicability of RCW 28A.88.010. We do decide that claims of the type brought by appellant in this proceeding are beyond that limit.

Accordingly, the trial court's decision is reversed, and the matter is remanded for further proceedings.

GROSSE, A.C.J., and FORREST, J., concur.

---

[3]We express no opinion on the substantive merits of appellant's claim.