630

[No. 25210–1–I. Division One. July 30, 1990.]

MOUNTAIN VIEW SCHOOL, *Appellant*, v. ISSAQUAH
SCHOOL DISTRICT NO. 411, *Respondent*.

*Jerry Stimmell* and *Terrence Burns*, for appellant.

*Christopher L. Hirst, Fred J. Poss*, and *Montgomery, Purdue, Blankinship & Austin*, for respondent.

COLEMAN, C.J.—Mountain View School appeals the trial court's order granting summary judgment to Issaquah School District 411, arguing that it was not appealing, nor was it required to appeal, a decision of the school board. Consequently, the school argues, RCW 28A.88.010[1] and its requirement that decisions of school boards be appealed within 30 days of the decision, do not apply. We agree.

---

[1]Recently recodified as RCW 28A.645.010.

Mountain View School is a nonprofit corporation that runs a private school for students in kindergarten through eighth grade. The school has operated continuously since 1984. The school advertises in the "Yellow Pages" and local newspapers; however, it relies primarily upon word-of-mouth advertising to market its services and fund-raising activities.

Issaquah School District 411 is a public school district. The District operated its alternative high school for students who had dropped out or were required to leave regular high schools under the name "Issaquah Alternative High School". Maggie Whitaker, administrator of Mountain View School, learned that the Issaquah school board was considering renaming its alternative school "Mountain View Community High School". In May 1989, Whitaker wrote to Kateri Brow, superintendent of the District, and requested that the name "Mountain View" not be used.

Brow informed Whitaker that the name would be used in spite of Whitaker's objections. Whitaker then asked to be heard at the next meeting of the District's board of directors. On July 19, 1989, representatives of Mountain View School urged the board not to use the name "Mountain View Community High School". John Whitaker, a board member of Mountain View School, indicated that the school might pursue a legal challenge otherwise. Nevertheless, the board voted to keep the name as had been recommended by a selection committee. The alternative school began operating as Mountain View Community High School in September 1989.

On September 26, 1989, Mountain View School filed a complaint against the District for trade name infringement. The complaint sought to enjoin the District from using the name similar to its own. On October 27, 1989, the trial court granted the District's motion for summary judgment. The court apparently accepted the District's argument that the school was subject to the 30-day appeal period set forth in RCW 28A.88.010. This appeal followed.

Appellant argues that the trial court erred when it granted respondent's motion for summary judgment. The statute at issue in this case provides as follows:

> Any person, or persons, either severally or collectively, aggrieved by any decision or order of any school official or board, within thirty days after the rendition of such decision or order, or of the failure to act upon the same when properly presented, may appeal the same to the superior court of the county in which the school district or part thereof is situated, by filing with the secretary of the school board if the appeal is from board action or failure to act, otherwise with the proper school official, and filing with the clerk of the superior court, a notice of appeal which shall set forth in a clear and concise manner the errors complained of.
>
> Appeals by teachers, principals, supervisors, superintendents, or other certificated employees from the actions of school boards with respect to discharge or other action adversely affecting their contract status, or failure to renew their contracts for the next ensuing term shall be governed by the appeal provisions of chapter 28A.58 RCW therefor and in all other cases shall be governed by this chapter 28A.88 RCW.

RCW 28A.88.010. "The 'decision or order' to which RCW 28A.88.010 . . . refer[s] means a final decision by the board or official charged by statute, rule, or contract with the responsibility for making that decision." *Bremer v. Mount Vernon Sch. Dist. 320,* 34 Wn. App. 192, 194, 660 P.2d 274 (1983); *see also Neilson v. Vashon Island Sch. Dist. 402,* 87 Wn.2d 955, 959, 558 P.2d 167 (1976).

Appellant claims that the statute does not apply to tort claims against the District and, therefore, does not apply in this case. Respondent argues that the statute clearly applies. Both parties rely upon *Haynes v. Seattle Sch. Dist. 1,* 111 Wn.2d 250, 758 P.2d 7 (1988), as support for their positions.

In *Haynes,* an employee of Seattle School District 1 brought a breach of contract action against the District. The plaintiff believed that the superintendent's decision to transfer her to a nonsupervisory position violated a clause of her contract with the District which stated that she would be returned after sabbatical to a position comparable to the one she had before she left. The school board

affirmed the superintendent's decision to transfer the employee. Two years later, the employee filed a breach of contract action against the District.

The trial court granted the District's motion for summary judgment, in part because the employee failed to appeal the Board's decision within 30 days as required by RCW 28A.88.010. The Court of Appeals reversed, holding that RCW 28A.88.010 did not apply to the employee's action for breach of contract. The Supreme Court reversed, concluding that review of a school board's decision regarding an employment right established by contract clearly was governed by RCW 28A.88.010. *Haynes,* at 252.

█ The focus of the *Haynes* decision was resolution of whether or not review of school board decisions was limited to review of quasi–judicial decisions or to review of administrative decisions as well. Consequently, the issue before this court was not specifically addressed. It is implicit in the court's decision, however, that the 30–day limitation of RCW 28A.88.010 applies only to decisions that the school board has authority to decide in the course of administering the school. In *Haynes,* the school board had the authority to decide the teacher's rights under her contract with the school board. RCW 28A.88.010, in addition to other statutes, gives school boards that authority. *See also* former RCW's 28A.58.0951, .096, .098, .099, 28A.67.065, .070, .072.

In this case, although the school board had the authority to name its alternative school, it did not have the authority to decide whether or not its use of the name infringes upon the trade name of Mountain View School. Nevertheless, respondent argues that the private school was required to appeal the school board's decision within 30 days. If this court were to adopt respondent's position, any time a school board made a decision, even if that decision caused the school to engage in tortious behavior, the injured party would have no cause of action to redress the wrong. The only means for the injured party to have its harm redressed would be to appeal the board's decision within 30 days. In this case, the scope of review would be limited to whether

the board's decision to name the school was arbitrary and capricious. The issue of whether Mountain View School's trade name was being infringed upon could never be considered.

Respondent's position is untenable. As discussed above, the distinction between this case and *Haynes* is that in *Haynes*, the school board had the authority to decide the claims of the teacher. Here, the school board had no authority to adjudicate whether or not its use of the name "Mountain View" infringed upon the private school's trade name. An action in superior court is the appropriate means to address that issue. Such an action was not precluded for failure to appeal the board's decision within 30 days.[2]

Consequently, the trial court's decision is reversed and the case is remanded for trial.

FORREST and BAKER, JJ., concur.

Review denied at 115 Wn.2d 1029 (1990).

---

[2]Contrary to respondent's position at oral argument, this decision is consistent with this court's recent opinion in *State St. Office Bldg. v. Sedro Woolley Sch. Dist. 101,* 57 Wn. App. 657, 789 P.2d 781 (1990).