[No. 12246-8-III. Division Three. April 27, 1993.]

LEW DERREY, *Appellant,* v. TOPPENISH SCHOOL DISTRICT NO. 202, *Respondent.*

*Donald D. Bundy* and *Dale E. Becker,* for appellant.

*Lonny R. Suko, J.C. Dietzler,* and *Lyon, Beaulaurier, Weigan, Suko & Gustafson,* for respondent.

THOMPSON, J. — Lew Derrey appeals the summary dismissal of his action against Toppenish School District 202 for breach of contract and negligent misrepresentation. The Superior Court based its order on former RCW 28A.88.010, which required a person appealing a decision of any school official or board to file the appeal within 30 days of the decision.[1] The issues are (1) whether the District's communications to Mr. Derrey in response to his inquiries regarding reduction of his pension constituted a "decision" within the meaning of former RCW 28A.88.010, and (2) whether the statute applies to Mr. Derrey's negligent misrepresentation claim. We affirm in part and reverse in part.

The affidavits and supporting documents establish that Mr. Derrey was a classified employee with the District working as a maintenance supervisor. In 1987, he cashed in accumulated vacation leave on a 1 hour to 4 ratio. Mr. Der-

---

[1]The statute was recodified, without modification, as RCW 28A.645.010.

rey states his decision to cash in the leave was based on the District's representation that the proceeds would be added to his gross income for the purpose of calculating retirement benefits.

Mr. Derrey retired in 1989. The District completed a final compensation report for him and forwarded it to the Department of Retirement Systems. The Department calculated Mr. Derrey's retirement benefits, using the information provided in the report. Later, the Department discovered during a routine audit that the District had included Mr. Derrey's vacation leave credits in the final compensation report. The Department determined the credits should not have been included and reduced Mr. Derrey's benefits by $100 per month beginning July 1990.[2]

Mr. Derrey complained to the District immediately and was told by Superintendent Roy Williams that the District had nothing to do with calculating pension benefits. Mr. Williams suggested Mr. Derrey direct his inquiries to the Department of Retirement Systems. In a letter dated November 15, 1990, Mr. Williams reiterated this advice:

1. Toppenish School District did provide full compensation for accrued vacation; indeed went beyond the language of the vacation carryover policy in doing so.

---

[2]*See* former RCW 41.32.010(11)(b), which defines "earnable compensation" for persons who establish membership in the retirement system on or after October 1, 1977. The subsection specifically excludes payments for unused vacation leave from computation of "earnable compensation", for purposes of determining retirement benefits. For persons who established membership in the system on or before September 30, 1977, former RCW 41.32.010(11)(a)(i) defines "earnable compensation" as "all salaries and wages paid by an employer to an employee member . . . for personal services rendered during a fiscal year". In *Bowles v. Department of Retirement Sys.*, 121 Wn.2d 52, 847 P.2d 440 (1993), the Supreme Court interpreted similar language found in RCW 41.40.010(8)(a) of the public employees' retirement act. The court held "compensation earnable" includes only that portion of leave cashout relating to leave accrued during the 2-year period used to determine "average final compensation" under former RCW 41.40.010-(15)(a). *Bowles*, at 62. The record *does not indicate whether Mr. Derrey* established membership in the retirement system before or after October 1, 1977, or whether the vacation leave he cashed in was accrued during the applicable 2-year period.

2. It is the responsibility of the retirement system, not the district to calculate retirement benefits. The district has no control over that process.

On December 17, 1990, attorney Donald Bundy wrote Mr. Williams on behalf of Mr. Derrey. In this letter, he stated his opinion that Mr. Derrey relied to his detriment upon "the oral and written commitments" of the District regarding the computation of his benefits. He notified the District of Mr. Derrey's intent to look to it for the lost compensation.

Mr. Williams responded on February 5, 1991:

As you might expect, the District does not control the manner in which the Department of Retirement Systems calculates the benefit due and owing, nor is it given any authority to establish the monthly payment which will thereafter be provided to the retiree. Accordingly, there is no basis upon which to hold the District responsible for determinations and actions of another agency.

The foregoing was raised by Mr. Derrey with the District some six months or more ago, and he was advised of the District's decision on this matter at that time.

On July 8, 1991, Mr. Derrey filed this action against the District. The District moved for summary judgment, citing former RCW 28A.88.010. That statute provided:

Any person . . . aggrieved by any decision . . . of any school official or board, *within thirty days after the rendition of such decision . . . or of the failure to act upon the same when properly presented,* may appeal the same to the superior court of the county in which the school district . . . is situated . . ..

(Italics ours.) The court granted the motion, holding Mr. Derrey had not appealed in a timely fashion.

■ Mr. Derrey contends Superintendent Williams' responses to his and his lawyer's inquiries did not constitute a "decision" as that term is used in former RCW 28A.88-.010. We disagree. Mr. Williams' letter of February 5, 1991, clearly states: "[T]here is no basis upon which to hold the District responsible for determinations and actions of [the Department of Retirement Systems]." The District thereby unequivocally denied liability to Mr. Derrey for the reduction in pension benefits. This denial of liability was a "decision" within the meaning of former RCW 28A.88.010.

In the alternative, Mr. Derrey argues the 30-day time limit of former RCW 28A.88.010 does not apply to his negligent misrepresentation claim. The courts have uniformly applied the 30-day limit to appeals of decisions by school boards or officials rejecting employee contract grievances. *Haynes v. Seattle Sch. Dist. 1*, 111 Wn.2d 250, 255, 758 P.2d 7 (1988), *cert. denied*, 489 U.S. 1015 (1989); *Clark v. Selah Sch. Dist. 119*, 53 Wn. App. 832, 837, 770 P.2d 1062, *review denied*, 113 Wn.2d 1003 (1989); *Trammell v. Riverview Sch. Dist. 407*, 51 Wn. App. 221, 223, 752 P.2d 951 (1988); *Benson v. Roberts*, 35 Wn. App. 362, 666 P.2d 947 (1983). But Mr. Derrey's negligent misrepresentation claim is a claim for damages arising from a tort; it does not concern the interpretation of an employee contract or a school policy. In *Mountain View Sch. v. Issaquah Sch. Dist. 411*, 58 Wn. App. 630, 794 P.2d 560, *review denied*, 115 Wn.2d 1029 (1990), the plaintiff brought an action against the District for trade name infringement, based upon the District's decision to rename the district alternative high school "Mountain View", the same name used by plaintiff's private school. The action followed more than 30 days after plaintiff's representatives appeared before the school board and unsuccessfully urged it to reconsider its decision. The trial court applied former RCW 28A.88.010 and dismissed the plaintiff's action.

■■ The appellate court reversed, holding that "the 30-day limitation of RCW 28A.88.010 applies only to decisions *that the school board has the authority to decide in the course of administering the school*". (Italics ours.) *Mountain View*, at 633. The court noted the school board had no authority to adjudicate whether or not its use of the name "Mountain View" infringed upon the private school's trade name. *Mountain View*, at 634. It reasoned:

> If this court were to adopt respondent's position, any time a school board made a decision, even if that decision caused the school to engage in tortious behavior, the injured party would have no cause of action to redress the wrong. The only means for the injured party to have its harm redressed would be to appeal the board's decision within 30 days. In this case, the scope of review would be limited to whether the board's deci-

sion to name the school was arbitrary and capricious. The issue of whether Mountain View School's trade name was being infringed upon could never be considered.

*Mountain View*, at 633-34.

Although Mr. Derrey was an employee of the School District and the plaintiff in *Mountain View* was an outside entity, this distinction is not material. Former RCW 28A.88-.010 does not apply to tort claims, regardless of the status of the plaintiff, because neither the school board nor school district officials have the authority to decide such claims "in the course of administering the school". *Mountain View*, at 633. *See also Bremer v. Mount Vernon Sch. Dist. 320*, 34 Wn. App. 192, 194, 660 P.2d 274 (citing *Neilson v. Vashon Island Sch. Dist. 402*, 87 Wn.2d 955, 558 P.2d 167 (1976)), *review denied*, 99 Wn.2d 1016 (1983).

We therefore hold former RCW 28A.88.010 applies only to Mr. Derrey's contract cause of action and *not* to his claim for negligent misrepresentation.

The summary dismissal of the contract cause of action is affirmed; the summary dismissal of the negligent misrepresentation cause of action is reversed.

SHIELDS, C.J., and SWEENEY, J., concur.