# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| M.G.<br><br>Appellant,<br><br>v.<br><br>BAINBRIDGE ISLAND SCHOOL DISTRICT, A Municipal Corporation, CHRISTINA HULET, ROBERT CROMWELL, MARK EMERSON, SANJAY PAL, District Directors AND WASHINGTON OFFICE OF SUPERINTENDENT OF PUBLIC INSTRUCTION, A Public Agency,<br><br>Respondents. | No. 58383-6-II<br><br><br><br>UNPUBLISHED OPINION |

CRUSER, C.J.—Marcus Gerlach filed a harassment, intimidation, or bullying (HIB) incident report form (HIB complaint) with the Bainbridge Island School District on behalf of his son, MG. The HIB complaint alleged that MG was the target of multiple incidents of harassment at Bainbridge High School (BHS) between December 2019 and March 2021. In the HIB complaint, Gerlach asserted that multiple teachers, school and district officials, and members of the Bainbridge Island School Board, failed to uphold district policy in allowing harassment and bullying to occur. In response to the complaint, the district hired a third party to investigate all of the allegations that Gerlach raised. The investigation culminated in a detailed report, which ultimately found that the allegations were not credible and no harassment, bullying, or policy violations had occurred. The district agreed with the report, finding the allegations were not

credible and no policies were violated. Gerlach, on behalf of MG, appealed to the board which affirmed the district's findings. Gerlach then appealed to the superior court.

The superior court reviewed the board's decision de novo and found that MG's allegations were not supported by the evidence. The court affirmed the district's and the board's finding that no harassment or bullying occurred. MG now appeals to this court. We sit in the position of the superior court, meaning that we review the board's decision, not that of the superior court. Because this case involves an appeal from a decision made by an administrative agency acting in an administrative capacity, the applicable standard of review is whether the board acted arbitrarily, capriciously, or contrary to law. However, MG assigned error and made argument about only the actions of the superior court, ignoring the board's decision. Because MG failed to assign error to or make any argument about the board's decision, we are unable to review the merits of MG's appeal. As such we decline to reach the merits of the case.

FACTS

I. HIB COMPLAINT

In March 2021, Marcus Gerlach[1] (MG's father and attorney) filed an HIB complaint with the district. In the complaint, Gerlach alleged four incidents of harassment and bullying. First, Gerlach alleged that two students stalked and sexually harassed MG during an afterschool club. Then, approximately two months after the afterschool club incident, a different student (who was not involved in the first incident) alleged that MG had harassed her. According to Gerlach, these

---

[1] When Gerlach filed the HIB complaint on MG's behalf, he was acting as MG's father rather than MG's attorney. As such, discussion of the complaint refers to Gerlach as the primary actor. Discussion of the appeal to the superior court and the subsequent appeal to this court will refer to MG as the primary actor, as he is the named plaintiff and appellant and Gerlach is officially acting in his capacity as MG's attorney throughout court proceedings.

accusations were made in retaliation for the afterschool club incident. Next, according to the complaint, approximately one year after the afterschool club incident and alleged retaliation, MG was the target of a cyberbullying attack on social media. Gerlach claimed that the social media posts aimed to interfere with MG's academic and extracurricular performance. Finally, according to the complaint, BHS students reported MG's conduct to the college that MG planned to attend in an effort to sabotage his academic career.

In addition to outlining the alleged instances of harassment and bullying against MG, Gerlach raised a number of complaints regarding how the harassment was handled by teachers, district officials, and board members. According to Gerlach, because of the shortcomings and failures of BHS teachers, the afterschool club sponsor, associate principals, and the district at large, MG had to endure uncomfortable and unfair situations in addition to the alleged harassment. Gerlach closed his complaint by requesting a discussion regarding "a mutually agreeable neutral, third-party to investigate the alleged retaliation against [MG] . . . and provide a comprehensive report" to Gerlach. Clerk's Papers (CP) at 1580.

## II. INVESTIGATION & OUTCOME

The district hired Jeffery Ganson to investigate the allegations that Gerlach raised in his HIB complaint. Ganson wrote a detailed 21-page report summarizing the complaint, the records he reviewed, and the interviews he conducted. Ganson found that Gerlach's allegations lacked factual support and were not credible.

The deputy superintendent of the district wrote to Gerlach in September 2021, informing him of the results of the investigation. Based on the results of the investigation, the district found that Gerlach's factual assertions were not credible and that no policy violation had occurred.

### III. PROCEDURAL HISTORY[2]

Gerlach, on behalf of MG, appealed the district's decision to the school board. The board affirmed the district's finding that Gerlach's factual assertions were not credible and that no violation of policy occurred. MG then appealed to the superior court. The superior court reviewed the board's decision de novo and affirmed the board's decision. MG now appeals to this court.

### ANALYSIS

### I. STANDARD OF REVIEW

MG states that "[w]hen reviewing an administrative decision, the Court of Appeals sits in the same position as the superior court." Br. of Appellant at 41. He reiterates this position in his supplemental brief, stating that we must review the board's decision.

The district agrees that we sit in the same position as the superior court, explaining that where an appellant appeals the decision of a school board first to a superior court and then to an appellate court, "the Appellate Court does not defer to the Superior Court's rulings, but rather, stands in the shoes of the Superior Court reviewing the school district's decision on the administrative record under the controlling standard of review." Resp. Br. of Bainbridge Island Sch. Dist. at 19 (citing to *Porter v. Seattle Sch. Dist. No. 1*, 160 Wn. App. 872, 879, 248 P.3d 1111 (2011)).

---

[2] In his petition for review at the superior court, MG named the Office of Superintendent of Public Instruction (OSPI) as a party to the appeal. However, the superior court granted a motion to dismiss OSPI as a party on April 7, 2023. MG does not raise arguments in his opening brief against the superior court's order dismissing OSPI as a party. We agree with OSPI that OSPI is not a party in this appeal, as the superior court dismissed OSPI from the case and MG waived any issue involving OSPI by failing to assign error to the superior court's order in his opening brief. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.3d 549 (1992).

No. 58383-6-II

We agree with the parties that we stand in the same position as the superior court and that we review the board's decision, not the superior court's decision. This is in accord with *Porter*, 160 Wn. App. at 879, as well as *Mercer Island School District v. Office of the Superintendent of Public Instruction*, 186 Wn. App. 939, 960, 347 P.3d 924 (2015), and *City of Seattle v. Public Employment Relations Commission*, 160 Wn. App. 382, 388, 249 P.3d 650 (2011).[3]

## II. MG's Arguments

Despite agreeing that we sit in the same position as the superior court and that we review the decision of the board, MG confusingly focuses all of his assignments of error and arguments on the decision *of the superior court*. He does this in spite of repeatedly asserting that our review is "de novo." Br. of Appellant at 19; Second Reply Br. of Appellant at 25; Suppl. Br. of Appellant at 11-12. MG failed to assign error to the board's decision and fails to include any argument related

---

[3] In *City of Seattle*, Division One of this court explained that "[i]n reviewing an agency's order, the appellate court sits in the same position as the superior court. Review is therefore limited to the record of the administrative tribunal, not that of the trial court." 160 Wn. App. at 388 (footnotes omitted). Two cases involving school board decisions affirmed this understanding of the appellate court's role. *Porter*, 160 Wn. App. at 879 (holding that in an appeal challenging a school board's decision to implement new text books, the appellate court "stands in the same position as the superior court"); *Mercer Island Sch. Dist.*, 186 Wn. App. at 960 (holding that the appellate court stands in the shoes of the superior court in reviewing a school board's finding that evidence did not support allegations of racial harassment against a student).

5

No. 58383-6-II

specifically to the board's decision.[4] This failure makes us unable to review the merits of MG's claims.

A. Legal Principles

Rule 10.3 in Washington's Rules of Appellate Procedure (RAP) governs the content that parties must include in their briefs. In relevant part, it requires parties to include "a separate concise statement of each error," and present "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(4), 10.3(a)(6). "The appellate court will only review a claimed error which is included in an assignment of error or clearly disclosed in the associated issue pertaining thereto." RAP 10.3(g).

The supreme court explained in *State v. Olson*, 126 Wn.2d 315, 323, 893 P.2d 629 (1995), that

> [i]n a case where the nature of the appeal is clear and the relevant issues are argued in the body of the brief and citations are supplied so that the Court is not greatly inconvenienced . . . there is no compelling reason for the appellate court not to exercise its discretion to consider the merits of the case or issue.

B. Application

MG acknowledges and argues that we sit in the same position as the superior court in reviewing the administrative decision, and asserts that we should review the administrative

---

[4] Rather than assigning error to decisions made by the board, MG assigns error to the superior court's dismissal of school board members, the judge's decision not to recuse herself from the case, and the court's denial of MG's motion to compel a complete record, including Zoom transcripts. Because this court stands in the same position as the superior court, and our review is limited to the whether the board acted arbitrarily, capriciously, or contrary to law, we do not reach MG's arguments regarding the superior court's decisions on recusal, dismissal of school board members, and availability of discovery. *See City of Seattle,* 160 Wn. App. at 388; *Porter*, 160 Wn. App. at 879-80; *Francisco v. Bd. of Dirs. of Bellevue Pub. Sch., Dist. No. 405*, 85 Wn.2d 575, 578-79, 537 P.2d 789 (1975); *Haynes v. Seattle Sch. Dist. No. 1*, 111 Wn.2d 250, 254-55, 758 P.2d 7 (1988).

decision "de novo." Br. of Appellant at 19, 31, 41. But because MG does not inform us how he believes the board erred, his brief does not comply with the rules set out in RAP 10.3.

"In a case where the nature of the appeal is clear and the relevant issues are argued in the body of the brief and citations are supplied so that the Court is not greatly inconvenienced and the respondent is not prejudiced," an appellate court can consider arguments by an appellant who fails to properly assign error. *Olson*, 126 Wn.2d at 323. Such is not the case here, however. MG's arguments lack clarity and focus exclusively on the decision of the superior court, which we do not review.

MG assigns error to the court orders from the superior court regarding the dismissal of individual respondents, and the denial of motions to compel, a motion for sanctions, and a motion to disqualify the superior court judge. His five principle assignments of error are predicated on decisions of the superior court, not the board. The remaining assignments of error focus on the findings of fact and conclusions of law made by *the superior court*. MG introduces his assignments of error regarding specific conclusions of law by stating that "[t]he COL failed to cite a case or a legal standard to support the COL. BISD [Bainbridge Island School District], SBM [School Board Members] and [Judge] Adams [the superior court judge] erred in concluding the following . . . ." Br. of Appellant at 8. However, merely including a sentence saying that the district and the school board "erred" without following it up with argument about *how* the board erred is not sufficient to warrant our review. *See* RAP 10.3(a)(4), 10.3(a)(6).

To the extent that MG makes any argument related to the decision of the board, he does so by attacking how the board and district weighed the evidence before them and evaluated the credibility of witnesses. However, the board's credibility determinations and weighing of evidence

are not reviewable. "We do not weigh witness credibility or substitute our judgment for the agency's findings of fact." *Goldsmith v. Dep't of Soc. & Health Servs*., 169 Wn. App. 573, 584, 280 P.3d 1173 (2012).

Moreover, the majority of MG's references to errors made by the district or board are made under the umbrella of his arguments regarding how the superior court erred in reaching certain findings of fact and conclusions of law. Additionally, when MG does reference the decision of board, he often fails to provide sufficient citations to the record and/or to appropriate authority.[5]

---

[5] As an example, in arguing that the superior court erred in reaching the conclusion that the record "supports the School Board's decision that no HIB had occurred," MG states that district officials "acted with deliberate indifference when [the district's] female students disrupted MG's right to a free appropriate and public education." CP at 596; Br. of Appellant at 57-58. He goes on to state that "[t]he sexual harassment of M.G. from 2019 to 2021 was 'sufficiently severe, pervasive, or persistent so as to interfere with or limit a student's ability to participate in or benefit from the services activities or opportunities offered by a school district.' " Br. of Appellant at 59 (quoting *Mercer Island*, 186 Wn. App. at 964). Although he cites to *Mercer Island* and to *Bethel Sch. Dist. No. 403 v. Fraser*, 478 U.S. 675, 106 S. Ct. 3159, 92 L. Ed. 2d 549 (1986), he does not tether these legal citations to anything in the record that would support his claims.

In another instance, while arguing that the superior court improperly dismissed individual board members from the case, MG states that the district "had actual knowledge of the severe, persistent and pervasive sexual harassment of M.G. and acted with deliberate indifference," and claims that members of the board "breached their fiduciary duties." Br. of Appellant at 18. For support, he cites to unsupported conclusions from *his own brief* filed with the superior court in opposition to respondents' motion to dismiss individual district officials and board members from the case.

In sum, we cannot review MG's appeal without putting our thumb on the scale and raising assignments of error on his behalf and making his arguments for him. We decline to do so.[6]

CONCLUSION

We decline to review the merits of MG's claims because he focuses his assignments of error and arguments on the decision of the superior court rather than of the board. Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, C.J.

We concur:

GLASGOW, J.

CHE, J.

---

[6] We asked the parties to provide supplemental briefing on several questions related to the standards governing our review, the primary question being whether the board was acting in an administrative or quasi-judicial capacity in making its decision. The district persuasively argued that the board acted in an administrative capacity, requiring us to review the board's decision for whether it was arbitrary, capricious, or contrary to law. *See Francisco*, 85 Wn.2d at 578-80; *Haynes*, 111 Wn.2d at 254-55; *Porter*, 160 Wn. App. at 879-80. MG largely failed to answer the questions we asked, and with regard to the primary question he simply stated that "[t]he [p]etition for [r]eview was clearly judicial," and focused on the fact that the orders from the superior court were judicial in nature, rather than addressing the board's decision. Suppl. Br. of App at 5-7. Because we are unable to review the merits of MG's claims, however, we need not address this question.